Peter L. Scuoteguazza, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation.

Howard Alan Bush et al., Appellants *v.* Commonwealth of Pennsylvania, Department of Transportation. Council 13, American Federation of State, County & Municipal Employees, AFL-CIO, Intervening Appellee.

George D. Truax, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation.

Fred M. Wible, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation.

R. M. Bufalini, Gary Hayden and Kenneth A. Sharp, Appellants *v.* Commonwealth of Pennsylvania, Department of Transportation.

John P. McCluskey et al., Appellants *v.* Commonwealth of Pennsylvania, Department of Transportation.

George P. Hunt, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation.

404

Argued December 8, 1976, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*Stuart W. Benson, III,* for appellant, Scuoteguazza.

*Robert L. Webster,* with him *Webster & Hallal,* for appellants, Bush, Coles, Cunningham, Heffran, Law, McDade, Panone, Spaw, Bufalini, Hayden, Sharp, and Hunt.

*Newton C. Taylor,* with him *Robert B. Stewart, III,* for appellants, Truax and Wible.

*Laurence B. Seaman,* for appellant, McCluskey, et al.

*Howard M. Snyder,* Deputy Attorney General, with him *J. Justin Blewitt, Jr.,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

*Richard Kirschner,* with him *Neal Goldstein,* and *Markowitz & Kirschner,* for intervening appellee.

OPINION BY JUDGE ROGERS, January 31, 1977:

The appellants were regular status civil service employees of Pennsylvania's Department of Transportation (PennDOT) who were furloughed by PennDOT assertedly for lack of work. Section 951(a) of the Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §741.951(a), provides that any regular employee furloughed by the appointing authority may appeal to the Civil Service Commission which "shall promptly schedule and hold a public hearing." Section 951(b), 71 P.S. §741.951(b), provides that any person who is aggrieved by an act of discrimination because of labor union affiliation or other non-merit factor with respect to his employment by the Commonwealth may appeal to the Commission, which, again "shall promptly schedule and hold a public hearing." The appellants appealed their furloughs to the Civil Service Commission, claiming (1) that PennDOT had not considered all economic factors in reaching its decision to institute the furloughs,[1] and (2) that PennDOT acted on non-merit factors relating to union affiliation in taking the furlough actions appealed from.

The Commission, instead of promptly scheduling and holding a hearing as Sections 951(a) and 951(b) require, entered Orders denying the appeals and hear-

---

[1] Section 3(s) of the Civil Service Act, 71 P.S. §741.3(s) defines furlough as "termination of employment because of lack of funds or of work."

ings thereon because the appellants, in the words of the Commission's terse order, "were furloughed under the provisions of the collective bargaining agreement, not the Civil Service Act."

Furloughs are the subject of Section 802 of the Civil Service Act, 71 P.S. §741.802, which reads as follows:

> In case a reduction in force is necessary in the classified service, no employe shall be furloughed while any probationary or provisional employe is employed in the same class in the same department or agency, and no probationary employe shall be furloughed while a provisional employe is employed in the same class in the same department or agency. An employe shall be furloughed only if at the time he is furloughed, he is within the lowest quarter among all employes of the employer in the same class on the basis of their last regular service ratings, and within this quarter he shall be furloughed in the order of seniority *unless there is in existence a labor agreement covering the employes to be furloughed, in which case the terms of such labor agreement relative to a furlough procedure shall be controlling:* Provided, That the appointing authority may limit the application of this provision in any particular instance to employes in the same class, *classification series or other grouping of employes as referred to in any applicable labor agreement,* and which are in the same department or agency with headquarters at a particular municipality, county or administrative district of the Commonwealth.
>
> A furloughed employe shall have the right of return to any class and civil service status

which he previously held, provided such class is contained in the current classification plan of the agency; or to any class and civil service status in the same or lower grade, provided that he meets the minimum qualifications given in the classification plan of the agency. The appointing authority shall promptly report to the director the names of employes furloughed, together with the date the furlough of each is effective and the character of his services. Under the rules a regular employe furloughed shall for a period of one year be given preference for reemployment in the same class of position from which he was furloughed and shall be eligible for appointment to a position of a similar class in other agencies under this act *unless the terms of an existing labor agreement preclude the employe from receiving the preferential treatment contained in this section in which event the terms of the labor agreement shall be controlling,* provided that in case of a promotion of another employe such preference shall not be effective if it necessitates furloughing such other employe unless the terms of an existing labor agreement require that such preferential treatment shall be given to the furloughed employe. (Emphasis supplied.)

Those parts of Section 802 to which we have provided emphasis were added by the Act of October 7, 1974, P.L. 676. They seem to have been the basis for the Commission's apparent view that it no longer has jurisdiction of appeals from furlough actions where a labor agreement exists. While the existence of a labor agreement may have been brought to the Commission's attention by the furlough notices which men-

tion such an agreement and which may have been attached to the appeal forms, the basis for the Commission's apparent conclusion that the agreement, which is not in the record, contains terms relative to furlough procedures is beyond our understanding.[2] Passing this point, however, and reverting to the appellants' grounds for appeal—that, in effect, the furloughs were not grounded on lack of work or lack of funds and that they were discriminatory rather than based on merit—we observe that lack of funds or work is a requisite of furloughs established by Sections 802 and 3(s)[3] of the Civil Service Act and that discrimination is prohibited by Section 905.1[4] of the Act. We necessarily conclude, therefore, that the Commission has the duty to hear these appeals and to enforce the Civil Service Act's requirements. Section 1312 of The Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended*, 71 P.S. §362, provides that the Commission "shall have the power, and its duty shall be: (a) To . . . carry out the provisions of the Civil Service Act." The phrase giving precedence in furlough procedure to the terms of a labor agreement added to Section 802 in 1974 was surely not intended to remove from the Civil Service Commission the power and duty to decide whether furloughs have been made in accordance with the Civil Service Act. Further, claims that furloughs were not made for lack of work or funds but were based on non-merit factors

---

[2] Council 13, American Federation of State, County and Municipal Employees, AFL-CIO has filed an intervenor's brief in which alleged portions of a labor agreement are reproduced, which seem to exempt regular civil service employees from the furlough provisions of the agreement. We were also told at oral argument that a term of the agreement expressly preserves all rights of PennDOT's employees conferred by the Civil Service Act.

[3] 71 P.S. §741.3(s).

[4] 71 P.S. §741.905(a).

do not relate to furlough procedure but rather to the substantive validity of the furloughs under the Civil Service Act.

This is not to say that every complaint of a furloughed employee filed with the Commission is subject to its review. If the appellant alleges, as do the appellants here, that provisions of the Civil Service Act have not been complied with or have been violated, the matter is clearly one for the Commission's review. If the appellant alleges only that the terms of a labor agreement relative to furlough procedure have been violated, the case is clearly not one for the Civil Service Commission but for grievance and arbitration under the labor agreement.

Accordingly, we will enter orders vacating the orders of the Civil Service Commission in these cases and remanding the records for Commission hearings on and decisions of the appeals.

ORDER (No. 495 C.D. 1976)

AND Now, this 31st day of January, 1977, the Order of the Civil Service Commission in the above-captioned matter is vacated and the record is remanded to the Commission for hearing and decision.

ORDER (No. 499 C.D. 1976)

AND Now, this 31st day of January, 1977, the Orders of the Civil Service Commission in the above-captioned matter are vacated and the records are remanded to the Commission for hearing and decision.

ORDER (No. 669 C.D. 1976)

AND Now, this 31st day of January, 1977, the Order of the Civil Service Commission in the above-captioned matter is vacated and the record is remanded to the Commission for hearing and decision.

410

ORDER (No. 680 C.D. 1976)

AND NOW, this 31st day of January, 1977, the Order of the Civil Service Commission in the above-captioned matter is vacated and the record is remanded to the Commission for hearing and decision.

ORDER (No. 879 C.D. 1976)

AND NOW, this 31st day of January, 1977, the Orders of the Civil Service Commission in the above-captioned matter are vacated and the records are remanded to the Commission for hearing and decision.

ORDER (No. 890 C.D. 1976)

AND NOW, this 31st day of January, 1977, the Orders of the Civil Service Commission in the above-captioned matter are vacated and the records are remanded to the Commission for hearing and decision.

ORDER (No. 1121 C.D. 1976)

AND NOW, this 31st day of January, 1977, the Order of the Civil Service Commission in the above-captioned matter is vacated and the record is remanded to the Commission for hearing and decision.