Joseph J. Collins, Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

Argued March 3, 1978, before President Judge BOWMAN and Judges ROGERS and DiSALLE, sitting as a panel of three.

*E. Robert Elicker,* with him *Ann E. Hebel,* and *Snelbaker, McCaleb & Elicker,* for petitioner.

*Frank A. Fisher, Jr.,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

OPINION BY PRESIDENT JUDGE BOWMAN, August 23, 1978:

A decision of the Civil Service Commission (Commission) sustaining an action of the Pennsylvania Department of Transportation (Department) furloughing Joseph J. Collins, Appellant, is the subject of this appeal.

Appellant was employed by the Department as a Management Analyst II assigned to the Central Office, with sixteen years of seniority. In June, 1976, the Department decided to terminate a program within the Bureau of Design necessitating the elimination of one Management Analyst II position in the Central Office.

Of the thirteen Management Analysts II within the Department's Central Office, Appellant was chosen for furlough based on a series of computations made by the Department's Personnel Office. That office first reviewed the annual performance rating for every Management Analyst II in the Central Office and assigned an evaluation score to each performance rating to determine the relative status of each Management Analyst II. Appellant was the only person to fall

within the lowest quartile of relative rankings as determined by the Department's Personnel Office.

The scoring process which produced such a result was explained by the Department's Chief of Manpower Planning and Placement as follows:

The point value or the valuation is determined by giving points for every general performance factor on which the employee is rated.

For example, there are five adjectival ratings ranging from . . . unsatisfactory to excellent.

Unsatisfactory receives no points, and then for each gradation within the four remaining adjectival ratings, the points are determined by increasing values of two.

For example, the low gradation of fair is worth two points. The middle gradation of fair is four points and so on up to the maximum of 24 points for a high excellent rating.

Once this process was accomplished to determine each employee's evaluation factor, we divided the total number of points they received by the total number of factors upon which they were rated. That gave us an average performance arithmetic score.

All scores obtained, then, were ranked in order of numerical value for all of the Management Analysts II in the [sic] central office.

To determine who would be furloughed, it was necessary to separate those employees into quartiles.

The way that is done is the highest score obtained and the lowest score obtained are matched. . . . The lowest score is subtracted from the highest score. The difference of that sub-

traction is divided by four. That number obtained becomes a constant.

That constant is subtracted from the highest score obtained. All employees falling between the highest score and the result of the subtraction of that constant falls [sic] into the fourth quartile.

That same constant then is subtracted from the bottom score of the first quartile, and the result of that subtraction becomes the second quartile and so on until four quartiles are formed.

. . . .

In the case at hand, there was only one employee in the fourth quartile, which was Mr. Collins. As a result, he was furloughed.

Appellant urges that the formula utilized by the Department to determine "the lowest quarter" for furlough purposes is inconsistent with the provisions of Section 802 of the Civil Service Act (Act)[1] and Civil Service Commission Rule 99.15(c), 4 Pa. Code §99.15 (c). He argues that utilization of a proper method for determining the lowest quarter, while still placing him in the fourth quartile, would not place him there alone; and, therefore, because of his sixteen years of seniority, another employee of lesser seniority should have been furloughed instead.

We agree.

Section 802 of the Act states in relevant part:

An employe shall be furloughed only if at the time he is furloughed, he is within the lowest quarter among all employes of the employer in the same class on the basis of their *last regular service ratings,* and within this quarter he shall

---

[1] Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §741.802.

be furloughed in the order of seniority. . . . (Emphasis added.)

Civil Service Commission Rule 99.12(b), 4 Pa. Code §99.12(b), mandates that the lowest quarter shall be identified in the following manner:

Prior to furlough, *the last regular ratings* of all regular employes *shall be converted to relative numerical ranks* among all other regular employes in the same class, under the same appointing authority, with the highest rated being ranked number one and the lowest rated being given a rank corresponding to the total number in the same class, *to the end that the employes in the lowest quarter of their respective class may be identified for furlough purposes.* . . . (Emphasis added.)

Civil Service Commission Rule 99.15(c) prescribes the procedure for determining the distribution of employees into quarters after the ranking process of Rule 99.12(b) has been performed.

The relative rank ratings of employes in the class at the time of reduction in force shall be used to determine which employes are in the lowest quarter, except that whenever the number is fewer than four, the lowest ranked employe shall be deemed in the lowest quarter, and whenever the number is more than any multiple of four, each one of the excess ranks shall be assigned by the appointing authority to any one quarter or to any two or three consecutive quarters, as applicable.

The Performance Evaulation Ratings (PERs) (which are the relative numerical rank ratings derived from the regular service rating referred to in the statute and regulation) of each of the thirteen Management Analysts II were as follows:

| | |
|---|---|
| Eckert, Barry | 22.7 |
| Borke, Mary | 20.0 |
| Haines, Terry | 19.8 |
| Chaw, Ernest | 19.5 |
| Figley, Wilbur | 19.1 |
| Sciders, Richard | 19.0 |
| Lindsey, George | 18.7 |
| Koveleski, E. J. | 17.2 |
| Waring, A. R. | 16.9 |
| Stoner, W. G. | 16.4 |
| Miller, John | 15.6 |
| Sinkiewicz, F. J. | 15.6 |
| Collins, Joseph | 9.6 |

We interpret the mandate of Section 802 of the Act and of Rules 99.12(b) and 99.15(c) to require that the total number of employees within a rating class be equally divided into quarters based upon their respective PERs.[2] Since the number of employees in the class here is thirteen, three of the quarters would have contained three employees, and one quarter four employees. Regardless of whether the lowest quarter in this case was comprised of three or four employees, however, it is undisputed that Appellant would have been the most senior employee in that quarter. Therefore, because of his seniority in the lowest quarter, Appellant would have survived the Department's staff reduction.

The Department has pointed to no authority, nor are we aware of any, that would permit it to choose the method utilized to form quartiles in this case. The

---

[2] *See Ellis v. Department of Transportation*, 33 Pa. Commonwealth Ct. 354, 357, 381 A.2d 1325, 1327 (1978), where the number of employees in the rating class was eight and we stated, "[t]he . . . 'lowest quarter' of this class would be the two lowest, most recent regular service rating."

Commission's affirmance of the Department's action was in error and we, therefore, must reverse.[3]

ORDER

Now, August 23, 1978, the decision of the Civil Service Commission is hereby reversed and Appellant, Joseph J. Collins, is reinstated to his position with the Pennsylvania Department of Transportation as Management Analyst II.

---

[3] Our scope of review regarding a Civil Service Commission adjudication is limited to a determination of whether or not the constitutional rights of the appellant have been violated, an error of law has been committed, or a necessary finding of fact was unsupported by substantial evidence. *See Philadelphia County Board of Assistance v. Cahan*, 24 Pa. Commonwealth Ct. 543, 358 A.2d 440 (1976).