George D. Truax, a/k/a George B. Truax, Petitioner v. Commonwealth of Pennsylvania, Department of Transportation, Respondent.

Argued March 7, 1979, before President Judge BOWMAN and Judges WILKINSON, JR., MENCER, ROGERS, BLATT, DISALLE and MACPHAIL. Judges CRUMLISH, JR. and CRAIG did not participate.

*Newton C. Taylor,* with him *Robert B. Stewart, III,* for petitioner.

*Frank A. Fisher, Jr.,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Gerald Gornish,* Acting Attorney General, for respondent.

OPINION BY JUDGE ROGERS, April 6, 1979:

The appellant, George D. Truax, a regular status civil service employe of the Department of Transportation, was furloughed assertedly by reason of overstaffing in Highway District 9-0 to which he was attached. His furlough was effected by application of a provision of a collective bargaining agreement between the Commonwealth and a Union representing affected employes, as provided by the amendment of Section 802 of the Civil Service Act,[1] made by the Act of October 7, 1974, P.L. 676. That amendment allowed procedures for furloughs contained in labor agreements to be applied in lieu of the procedures provided in Section 802.

Truax makes a number of attacks upon the constitutional and statutory validity of the amendment. All, save one, raise questions which we fully discussed and disposed of in *Scuoteguazza v. Department of Transportation,* 41 Pa. Commonwealth Ct. 534, 399 A.2d 1159 (1979). In that case, which is controlling here, we upheld the amendment against all these attacks.

The one argument made by Truax not common to those made in *Scuoteguazza v. Department of Transportation, supra,* is that this record did not contain substantial competent evidence of the alleged overstaffing. This contention is based primarily on the asserted error of the Commission in admitting into

---

[1] Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §741.802.

evidence a report made by an assistant district engineer who did not testify at the hearing. Truax says that the report should not have been admitted because its author was not present for cross-examination, citing *A. P. Weaver & Sons v. Sanitary Water Board,* 3 Pa. Commonwealth Ct. 499, 284 A.2d 515 (1971). The difficulty with the argument is that there is sufficient record evidence other than that supplied by the report supporting the Commission's finding that there was indeed overstaffing in Highway District 9-0. The district engineer testified that he had personal knowledge of district project work loads and that there was indeed overstaffing. This evidence provided sufficient basis for the Commission's finding and made the admission of the report, if it was error, harmless.

Order affirmed.

### Order

And Now, this 6th day of April, 1979, the Order of the State Civil Service Commission is hereby affirmed.