Peter L. Scuoteguazza, Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

David L. Coles, Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

Harold T. Cunningham, Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

Donald Law, Sr., Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

James W. McDade, Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

Kenneth D. Spaw, Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

George P. Hunt, Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

Argued February 9, 1979, before Judges Rogers, Blatt and DiSalle, sitting as a panel of three.

*Robert L. Webster,* with him *Webster, Hallal and Webster,* for petitioners.

*Frank A. Fisher, Jr.,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Gerald Gornish,* Acting Attorney General, for respondent.

*Richard Kirschner, Jonathan K. Walters,* and *Markowitz & Kirschner,* for amicus curiae, American Federation of State, County and Municipal Employees, AFL-CIO.

OPINION BY JUDGE ROGERS, April 6, 1979:

This is the appeal of seven former regular status civil service employes of the Pennsylvania Department of Transportation (PennDOT) from orders of the Pennsylvania Civil Service Commission upholding their furloughs from State employment.

In the fall of 1975 the Secretary of Transportation directed the Deputy Secretary for Highway Administration to determine whether overstaffing existed within PennDOT. Pursuant to this directive, PennDOT's Manpower Planning Unit analyzed the active and planned construction projects in each highway district and compared the manpower needs of these projects with the number of personnel available in each district. District 12-0, where the appellants were employed, was found to have excess construction and

design personnel and a reduction in the work force was recommended. The appellants were selected for furlough because they lacked seniority within their respective classification series as provided by Section 802 of the Civil Service Act and Article XXIX of the collective bargaining agreement then in effect between the Commonwealth and the American Federation of State, County and Municipal Employees, AFL-CIO (AFSCME). The appellants appealed their furloughs to the Civil Service Commission which refused hearings, ruling that the Commission could not review furloughs ordered pursuant to a collective bargaining agreement. On appeal to this Court we vacated the Commission's orders and remanded the records to the Commission for hearing and decision. *Scuoteguazza v. Department of Transportation,* 28 Pa. Commonwealth Ct. 403, 368 A.2d 869 (1977). On remand, the Commission held a hearing as directed and entered the orders appealed from.

Prior to its amendment in 1974, Section 802 of the Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §741.802, which relates to furloughs, was pertinently, as follows:

In case a reduction in force is necessary in the classified service, no employe shall be furloughed while any probationary or provisional employe is employed in the same class in the same department or agency, and no probationary employe shall be furloughed while a provisional employe is employed in the same class in the same department or agency. An employe shall be furloughed only if at the time he is furloughed, he is within the lowest quarter among all employes of the employer in the same class on the basis of their last regular service ratings, and within this quarter he shall be furloughed in the order of seniority. . . .

By Section 3 of the Act of October 7, 1974, P.L. 676, the following was added to Section 802 just after the language quoted:

> unless there is in existence a labor agreement covering the employes to be furloughed, in which case the terms of such labor agreement relative to a furlough procedure shall be controlling.

The practical effect of the amendment in this case was to eliminate the divisions of employes into quarters by service rating[1] and to make seniority the sole criterion for choosing persons to be furloughed.

The appellants first say that the amendment makes an illegal delegation of legislative power in violation of Article II, Section 1 of the Pennsylvania Constitution because it gives a private organization the power to furlough Civil Service employes or, alternatively, because it fails to provide adequate standards for the exercise of the power to furlough. Legislative power has been described as the power to incur public debts, levy or collect taxes or make laws. *Amalgamated Transit Union v. Port Authority of Allegheny County,* 417 Pa. 299, 208 A.2d 271 (1965). We believe that no such power was delegated by the 1974 amendment. Section 802 as amended provides a procedure for furloughing employes and additionally permits the parties to a collective bargaining agreement to agree upon a different procedure satisfactory to them for doing the same thing. It does not delegate the power to make law; it merely provides that the interested parties, the employer on the one hand and its employes on the other, may agree in advance on who among the latter will be furloughed if that unhappy event, de-

---

[1] Some of the difficulties in applying the rule of service ratings by quarters are demonstrated in *Collins v. Department of Transportation,* 37 Pa. Commonwealth Ct. 292, 390 A.2d 333 (1978), and *Ellis v. Department of Transportation,* 33 Pa. Commonwealth Ct. 354, 381 A.2d 1325 (1978).

scribed elsewhere in the statute, should come about. The statute is clearly different from that struck down in *Hetherington v. McHale,* 458 Pa. 479, 329 A.2d 250 (1974), which would have empowered private organizations to appoint members of a committee responsible for the disbursement of public funds. *See also Olin Mathieson Chemical Corp. v. White Cross Stores, Inc.,* 414 Pa. 95, 199 A.2d 266 (1964).

Where legislation confers discretion upon an administrative agency to carry out legislative policy, it "must contain adequate standards which will guide and restrain the exercise of the delegated administrative functions." *Chartiers Valley Joint Schools v. Allegheny County Board of School Directors,* 418 Pa. 520, 529, 211 A.2d 487, 493 (1965). The Civil Service Act contains adequate standards governing the furlough of employes by PennDOT and other administrative agencies. The Act defines furlough as "the termination of employment because of lack of funds or of work." Section 3(t), 71 P.S. §741.3(t). By Section 802 is added the requirement that a reduction in force in the classified service be necessary and the required priority in order of furlough as among regular, probationary and provisional employes. The procedures provided in collective bargaining agreements come into use only after these statutory requirements are met. We believe that the statute is proof against the argument that no sufficient standards have been provided for furloughs from the classified service.

The appellants next say that Section 802, as amended by the Act of October 7, 1974, is in fatal conflict with the general purposes of the Civil Service Act. They cite in this regard Section 905.1 71 P.S. §741. 905a:

No officer or employe of the Commonwealth shall discriminate against any person in recruitment, examination, appointment, training,

promotion, retention or any other personnel action with respect to the classified service because of political or religious opinion or affiliations because of labor union affiliations or because of race, national origin *or other non-merit factors*. (Emphasis added.)

The argument as we understand it is that the statute's allowance to the parties to the collective bargaining agreement to establish their own procedures for furlough which in turn led to this agreement's provision that seniority should be the only criterion for furloughs resulted in personnel actions based on non-merit factors. The flaw in this thesis lies in its basic tenet that seniority is not a merit factor. Time on the job increases the employe's skill, efficiency and production. This is why long term employes are usually paid more than their juniors and why when layoffs are necessary they are furloughed last. Indeed Section 802, before amendment by the Act of June 1, 1945, P.L. 1366, required "major weight" to be given seniority and "due weight" to service ratings. The same consideration supports the preference given regular employes over probationary and provisional employes.

The appellants also say that the collective bargaining agreement between AFSCME and the Commonwealth violates Section 703 of the Public Employe Relations Act, Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §1101.703. Section 703 provides:

The parties to the collective bargaining process shall not effect or implement a provision in a collective bargaining agreement if the implementation of that provision would be in violation of, or inconsistent with, or in conflict with any statute or statutes enacted by the General Assembly of the Commonwealth of Pennsylva-

nia or the provisions of municipal home rule charters.

The Supreme Court of Pennsylvania has held that "items bargainable under Section 701 [43 P.S. §1101. 701] are only excluded under Section 703 where other applicable statutory provisions explicitly and definitively prohibit the public employer from making an agreement as to what specific term or condition of employment." *Pennsylvania Labor Relations Board v. State College Area School District*, 461 Pa. 494, 510, 337 A.2d 262, 270 (1975). The appellants have pointed to no explicit and definitive proscription of bargaining concerning furlough procedures; indeed, Section 802 as now amended expressly authorizes such bargaining.

The appellants erect a further argument based on the provisions of the collective bargaining agreement here in issue. Sections 5 and 6 of Article XXIX read:

Section 5. Layoffs or furloughs of non-civil service employes shall be made in the inverse order of seniority. Employes affected by layoff who have the requisite seniority shall have the right to bump back to positions previously held. If no position has previously been held within the classification series, the employes may bump back within the same classification series provided they have the requisite seniority skill and ability.

Section 6. The Employer agrees to recommend that the provisions of Section 5 be applied to civil service employes as well.

The contention is that the first sentence of Section 5 expressly applies only to non-civil service employes and therefore does not apply to the appellants. It ignores Section 6 by which the Commonwealth agreed to recommend that Section 5 apply to civil service people. The agreement was effective July 1, 1973 and

542

the Act of October 7, 1974, P.L. 676 amending Section 802 of the Civil Service Act was the Legislature's response to the Commonwealth's recommendation. Therefore Section 5 applies.

We have, we believe, considered all of the appellants questions. We conclude that none successfully contests the Civil Service Commission's order.

Order affirmed.

### Order

And Now, this 6th day of April, 1979, the Orders of the State Civil Service Commission are hereby affirmed.