Commonwealth of Pennsylvania, Department of Transportation, Petitioner *v.* Kenneth A. Sharp, Respondent.

48

Argued March 8, 1979, before President Judge Bowman and Judges Wilkinson, Jr. and Mencer, sitting as a panel of three.

*Frank A. Fisher, Jr.,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Gerald Gornish,* Acting Attorney General, for petitioner.

*Robert L. Webster,* with him *Webster, Hallal & Webster,* for respondent.

Opinion by Judge Wilkinson, Jr., April 17, 1979:
The sole question presented in this appeal is whether the State Civil Service Commission (Commission) exceeded its jurisdictional authority in finding that petitioner had improperly furloughed respondent in

violation of the provisions of Section 802 of the Civil Service Act.[1] Because we find the Commission had jurisdiction over this case we affirm the adjudication and order reinstating respondent and awarding back pay.

Since petitioner does not seriously dispute the Commission's findings or its conclusion that respondent was not properly furloughed under the Civil Service Act, we need not detail the facts in this case. Petitioner failed to rebut evidence that respondent's position had not been abolished. Further, it was clear he had not been replaced. Either would have been necessary for a furlough. Thus, the fact that petitioner established a prima facie case that could have been the reason for a furlough is of no moment and need not further be considered.

Petitioner argues that since respondent was a member of a collective bargaining unit (in addition to being a civil service employee), the furlough procedures of the collective bargaining agreement should govern the propriety of the furlough and be determined through arbitration pursuant to the Public Employe Relations Act.[2] Accordingly, petitioner contends the Commission lacks jurisdiction to enter upon an inquiry as to the propriety of the furlough.

There are two answers to petitioner's argument. First, irrespective of a collective bargaining agreement, the Commission is legislatively vested with the power to determine whether there has been a violation of the Civil Service Act. *See Scuoteguazza v. Department of Transportation,* 28 Pa. Commonwealth Ct. 403, 368 A.2d 869 (1977). Second, there is no basis in the adjudication or the record to support the assertion

---

[1] Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §741.802.

[2] *See* Section 903 of the Public Employe Relations Act (PERA), Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. §1101.903.

that the Commission even arguably attempted to interpret the agreement. Rather, the agreement by its terms expressly provides that civil service employees governed thereunder shall have the right to seek a remedy through the Civil Service Act or under the grievance provision of the agreement. It is uncontested, and the Commission found as a fact that respondent elected to pursue his remedy exclusively under the Civil Service Act. Having agreed to this option for its civil service employees petitioner is now precluded from arguing that this provision violates the mandatory arbitration provisions of PERA. *See Pittsburgh Joint Bargaining Committee v. City of Pittsburgh*, Pa. , 391 A.2d 1318 (1978).

Accordingly, we will enter the following

ORDER

AND Now, April 17, 1979, the order of the State Civil Service Commission, at No. 1967, dated March 23, 1978, is hereby affirmed.