Charles W. Forbes, Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

Argued June 5, 1981, before Judges ROGERS, WILLIAMS, JR. and PALLADINO, sitting as a panel of three.

*Daniel B. Michie, Jr., Fell, Spalding, Goff & Rubin,* for petitioner.

*Louis G. Cocheres,* with him *Ward T. Williams,* Chief Counsel, for respondent.

OPINION BY JUDGE WILLIAMS, JR., September 18, 1981:

This case comes before the Court on an appeal of a Civil Service Commission Ruling that the appellant was properly demoted in lieu of furlough under Section 802 of the Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §741.802, since the action complained of was properly within the discretion of the appointing authority.

Appellant had been employed by the Commonwealth of Pennsylvania, Department of Transportation (PennDOT) as a Real Estate Specialist I, Regular Status (RES I) from early 1967 until June 30, 1978, when he was demoted in lieu of furlough to Engineering Assistant,[1] a post that he had held prior to his RES I job. He appealed the demotion to the Commission, alleging that he should have been retained as a RES I even though that position was completely abolished, because the project that he had been working on prior to his demotion was re-assigned to a Real Estate Specialist II (RES II) with less seniority than he.

The Commission upheld the alteration in his employment status, stating in its opinion that "the furlough here in question was based upon lack of funds cognizable under the Civil Service Act," and that PennDOT used a legally correct procedure in selecting the appellant, as well as all other RES I's, for furlough.

---

[1] When appellant received his notice of furlough, he immediately investigated the possibility of exercising his right to "bump" down to a lower classification in lieu of that furlough, and ultimately did so.

In his appeal to this Court, the employee points out that a "furlough" is defined by Section 3(s) of the Civil Service Act, 71 P.S. §741.3(s), as "a termination of employment because of lack of funds or work," and he avers that the testimony cannot sustain a finding that the Department was suffering from a paucity of either. PennDOT advances the position that the Commission's findings are based on substantial evidence, and that it is invested with the managerial prerogative to distribute work in the most efficient manner. This prerogative, it is alleged, was exercised in this case pursuant to the decision of the Secretary of Transportation to discontinue funding of PennDOT's 12-year program, since the Legislature had failed to allocate sufficient revenue to PennDOT to fund all of its programs.

Under Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704, this Court is required to affirm an adjudication of the Civil Service Commission unless constitutional rights have been violated, an error of law has been committed, or a necessary finding of fact is not supported by substantial evidence. *Wood v. Department of Public Welfare,* 49 Pa. Commonwealth Ct. 383, 411 A.2d 281 (1980).

Our task therefore is to determine whether there is substantial evidence in the record to support the findings of the Commission, and whether those findings in turn support the legal conclusions drawn therefrom.

The testimony of PennDOT's Deputy Secretary for Highway Administration places the elimination of the position of RES I in its financial perspective. The witness indicated that, upon learning that the Legislature had not provided as much revenue as PennDOT needed to maintain its funding level, the Secretary sent a memorandum[2] to the appropriate staff persons

---

[2] The memorandum was entered into the record.

alerting them to which programs had been cancelled, or curtailed, and directing them to make modifications in their personnel requirements to reflect the budget reorganization. We find this evidence to be substantial,[3] and supportive of those findings from which the Commission concluded that a lack of funds existed.[4] *Cf. Ellis v. Department of Transportation*, 33 Pa. Commonwealth Ct. 354, 357, 381 A.2d 1325, 1327 (1978), which involved lack of work.

Appellant contends that since RES Is and RES IIs performed basically the same function, the Department has the burden of demonstrating why it eliminated the category of RES I, but retained the category of RES II. This reasoning is flawed. As this Court noted in *Department of Public Welfare v. Magrath*, 14 Pa. Commonwealth Ct. 257, 261, 321 A.2d 403, 404 (1974), the law requires that the Department justify a furlough with evidence of a lack of work or funds; once that burden has been met, there is no necessity to provide further reasons for the contested furlough, as there would be in a personnel action involving fault on the part of the employee.

The appellant in this action was treated in the same fashion as all members of his job classification, who, unfortunately, felt the brunt of a legislative determination to limit funding. The PennDOT decision to eliminate the classification of RES I was a managerial prerogative of PennDOT, which cannot be

[3] Substantial evidence has been frequently defined by this Court as such relevant evidence as a reasonable mind might accept as adequate to support the conclusion ultimately reached. *Workmen's Compensation Appeal Board v. Auto Express, Inc.*, 21 Pa. Commonwealth Ct. 559, 346 A.2d 829 (1975).

[4] This Court cannot find the phrase "lack of funds" to denote the state of bankruptcy. A "lack of funds" exists when insufficient revenue is available to meet all financial demands unless modifications are made in the system.

usurped by the Commission or by this Court. *Accord, Magrath, supra.* Having determined that PennDOT met its burden of proving lack of funds as justification for the furlough of the appellant, we hereby affirm the decision of the Civil Service Commission concerning that personnel action.

### ORDER

AND Now, this 18th day of September, 1981 the Adjudication of the Civil Service Commission filed to Appeal No. 2530, dated July 24, 1980, sustaining the demotion in lieu of furlough of Charles W. Forbes, is hereby affirmed.