Kenneth A. Sharp, Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

Argued October 8, 1981, before President Judge CRUMLISH, JR. and Judges BLATT and CRAIG, sitting as a panel of three.

*Robert L. Webster, Webster & Webster,* for petitioner.

*Mark Hodgeman,* Assistant Counsel, with him *Louis G. Cocheres,* Assistant Counsel, *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., July 20, 1982:

Kenneth Sharp appeals from a ruling of the Civil Service Commission which held that he had been properly furloughed under the Civil Service Act.[1] We affirm.

The unique facts in this case present, at first glance, a procedural and evidentiary conundrum, complicated by the apparent chicanery of the appointing authority. However, the simple fact is that a lack of available funds controls the outcome of this case.

In March 1976 Sharp was furloughed by DOT from his position as RES I (Real Estate Specialist I). He appealed to the Civil Service Commission, which determined that Sharp had been improperly furloughed and ordered his reinstatement with back pay effective March 23, 1978. DOT appealed this ruling and we affirmed the Commission in *Depart-*

---

[1] Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §741.3(s). This section provides:

"Furlough" means the termination of employment because of lack of funds or of work.

*ment of Transportation v. Sharp,* 42 Pa. Commonwealth Ct. 47, 399 A.2d 1195 (1979). On June 21, 1979, Sharp was reinstated as a Real Estate Specialist I.

In the interim, the Secretary of Transportation, by memorandum dated July 1, 1977, notified the District Engineers and Bureau Directors that drastic reductions in the work force would be necessary because state bond financing would not be forthcoming. The Secretary requested recommendations for reductions in staff as a result of his decision to cancel DOT's 12-year program.[2] On the basis of personnel studies and the requested recommendations, the position of RES I was eliminated in Sharp's district. After Sharp's court-ordered reinstatement, he was again furloughed as of July 25, 1979. It is from this second furlough that he has appealed.

Our scope of review from a ruling of the Civil Service Commission is delineated by Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704, which limits our review to determining if there was an error of law committed, if constitutional rights were violated or the findings of fact were not supported by substantial evidence.

Sharp first contends that the first Commission ruling, as affirmed by this Court, operated as res judicata to preclude Sharp's second furlough.

For the doctrine of res judicata to prevail, there must be a concurrence of four conditions: (1) the identity in the thing sued upon; (2) identity of the cause of action; (3) identity of

---

[2] The memorandum stated:

The effect of canceling this program will result in approximately one-fifth or 1,000 employes being reduced from this appropriation's complement. You therefore know that you cannot treat these reductions lightly. You must prepare to remove a major portion of your work force, . . .

persons and parties to the action and (4) identity of the quality or capacity of the parties suing or sued. . . . A final valid judgment upon the merits by a court of competent jurisdiction bars any future suit between the same parties or *their privies* on the same cause of action. . . . (Citations omitted; emphasis in original.) *Bearoff v. Bearoff Brothers, Inc.*, 458 Pa. 494, 497, 327 A.2d 72, 74 (1974). It is clear from the record that this furlough is predicated on different circumstances[3] which commenced with the Secretary's July 1 memo, thus making the doctrine of res judicata inapplicable here.

Sharp also contends that the Commission's ruling is not supported by substantial evidence. He asserts that the documents introduced by DOT were inadmissible hearsay and that, absent these documents, there is insufficient evidence in the record to support the Commission's findings.

The first objection raised by Sharp's counsel came about as follows. The assistant to the Secretary of Transportation, George Wenick, testified as to the lack of forthcoming funding from the legislature and the resulting action taken by the Secretary:

BY MR. COCHERES: [counsel for PennDOT]

Q. Mr. Wenick, with respect to bond financed projects, what action did the secretary take in July of 1979?

A. Mr. Wilson at that time sent a letter to the district engineers, bureau directors, and deputy secretaries counseling the 12 year—

---

[3] Sharp contends that this memo was available during his hearing for his first furlough. We fail to see the relevancy in this point. To have introduced a memo dealing with prospective reductions in staff as justification for Sharp's initial furlough would, in this Court's opinion, have had no relevancy at that point in time.

MR. WEBSTER: [counsel for Sharp]
Once again, I'm going to object because he is stating what the secretary did in writing a . letter. The letter is the best evidence of what Mr. Wilson says.
MR. COCHERES:
Mr. Webster, I have the letter with me.
MR. WEBSTER:
Then put the letter in.

After another objection by Sharp's counsel that the memorandum represented the best evidence and after several more questions directed to Mr. Wenick, the memorandum was introduced into evidence. At this time, Sharp's counsel failed to raise any objection as to whether the document constituted hearsay. Mr. Wenick then testified that, in response to this memorandum, assessments and reports on staffing were made. When he was questioned as to how DOT acted after receiving the reports, the following objection was raised:

MR. WEBSTER: Mr. Commissioner, once again, the question is being asked as to whether or not reports have been made and how the Department proceeded. It would seem to me that the best evidence of that would be the reports of the Department.
All we are going to have, as indicated thus far, is a case that is totally predicated on hearsay.
. . .

It is apparent from the record that, despite Sharp's contention on appeal that the memorandum from the Secretary was objected to as hearsay, only a general hearsay objection was made. Because we find the objection to be so general as to not have preserved the issue for our review, and because it was not raised below as a reason for excluding the memorandum as evidence, we find that the memorandum from the

Secretary was properly admitted into evidence. *Lewis v. Pittsburgh Railways Co.,* 386 Pa. 490, 126 A.2d 454 (1956), *Stine v. Department of Transportation,* 26 Pa. Commonwealth Ct. 292, 364 A.2d 745 (1976).

We need not address the other objections made to various other documents[4] because we find this memorandum to be dispositive of the crucial issue in this case, i.e., whether there was indeed a lack of funds to justify Sharp's furlough.[5]

In *Forbes v. Department of Transportation,* 61 Pa. Commonwealth Ct. 641, 643-44, 434 A.2d 892, 894 (1981) this Court held:

> The testimony of PennDOT's Deputy Secretary for Highway Administration places the elimination of the position of RES I in its financial perspective. The witness indicated that, upon learning that the Legislature had not provided as much revenue as PennDOT needed to maintain its funding level, the Secretary sent a memorandum to the appropriate staff persons alerting them to which programs had been cancelled, or curtailed, and directing them to make modifications in their personnel

---

[4] Counsel for Sharp challenged the admission of every document as hearsay, however, because we conclude that the Secretary's memo alone was enough to substantiate the Commission's findings, we need not address the other objections raised, including Sharp's contention that his constitutional rights were violated because of his inability to cross-examine.

[5] The Department of Transportation bears the burden of proof in this case to justify the furlough through a showing of lack of funds or work. *Forbes v. Department of Transportation,* 61 Pa. Commonwealth Ct. 641, 434 A.2d 892 (1981). Additionally, we note that, once this burden has been met, the issue of which positions will be eliminated is a "managerial prerogative" of the appointing authority with which neither this Court, nor the Commission, may interfere. *Id.* at 644, 434 A.2d at 894.

requirements to reflect the budget reorganization. We find this evidence to be substantial, and supportive of those findings from which the Commission concluded a lack of funds existed. (Footnotes omitted.)

In that we have concluded that this memorandum was admissible, we hold that, as in *Forbes*, this memorandum and the related testimony constituted substantial evidence to support the finding that Sharp was furloughed due to a lack of funds.

Affirmed.

### ORDER

The adjudication of the Civil Service Commission, No. 2867 dated December 17, 1980, sustaining the furlough of Kenneth Sharp, is affirmed.

Judges MENCER and PALLADINO did not participate in the decision in this case.