Joseph J. Bondi, Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

Joseph L. Smith, Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

William L. Dietrich, Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

Gerald D. Jeannette, Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

Argued November 17, 1982, before Judges ROGERS, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Jay D. Glasser, Hollinshead and Mendelson,* with him *T. Lawrence Palmer,* for petitioners.

*Michael McCarey,* with him *Mark Hodgeman, Louis G. Cocheres,* Assistant Attorney General, and *Ward T. Williams,* Chief Counsel, for respondent.

OPINION BY JUDGE WILLIAMS, JR., October 12, 1983:

This is a consolidated appeal of four former, regular status Pennsylvania Department of Transportation (DOT) employes (Petitioners) from Civil Service Commission (Commission) orders sustaining their furloughs under the Civil Service Act (Act).[1]

By memorandum dated July 1, 1977, the Secretary of Transportation (Secretary) notified District Engineers and Bureau Directors of the cancellation of DOT's federally, and state bond, financed twelve year

---

[1] Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §§741.1-741.1005.

highway construction and maintenance program (12-year program). The 12-year program was discontinued as result of the Secretary's decision to cease state bond financing, because of the Legislature's failure to allocate revenue sufficient to fund properly DOT's other projects. Petitioners were furloughed November 8, 1978, as a consequence of the 12-year program's cancellation. This consolidated appeal from the Commission's orders upholding the furloughs followed.

Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704, requires this Court to affirm Commission adjudications unless constitutional rights are violated, errors of law are committed or necessary findings of fact are not supported by substantial evidence. *Forbes v. PennDOT,* 61 Pa. Commonwealth Ct. 641, 643, 434 A.2d 892, 894 (1981).

"Furlough" is defined as "a termination of employment because of lack of funds or work." Section 741.3(s) of the Act, 71 P.S. §741.3(s). DOT, as the Appointing Authority, is burdened with proving a prima facie case justifying Petitioners' furloughs. 4 Pa. Code §105.15. DOT has successfully met this burden.

Petitioners assert first that, contrary to the Commission's findings and absent legislatively mandated funding reductions, their furloughs resulted not from a funding shortfall, but from the 12-year program's cancellation because of the Secretary's arbitrary decision to discontinue bond financing.

The Secretary's memorandum of July 1, 1977, and the uncontroverted testimony of DOT's Deputy Secretary for Highway Administration and Executive Assistant to the Secretary establish that the program's bond financing was terminated upon the Legislature's failure to enact new taxes necessary to satisfy DOT's additional funding requirements. The monies therefore saved were applied to pay for the increasing costs of other DOT programs. The Secretary's deci-

sion to halt bond sales for reasons of economy was a rational and legitimate response to DOT's straitened circumstances. Neither this Court nor the Commission may substitute its judgment for that of department officials in matters germane to departmental economy and efficiency. *Department of Public Welfare v. Magrath,* 14 Pa. Commonwealth Ct. 257, 321 A.2d 403 (1974). We therefore find substantial evidence supportive of those findings from which the Commission concluded the existence of a lack of funds.[2] *Sharp v. PennDOT,* 67 Pa. Commonwealth Ct. 522, 447 A.2d 1057 (1982); *Forbes.*

On October 17, 1977, Petitioners were reclassified to either a "rank and file" classification in a nonsupervisory bargaining unit or a management classification in a supervisory bargaining unit. In accordance with then controlling collective bargaining agreements, seniority, for furloughs purposes, was calculated as "bargaining unit seniority."[3] Thus, the seniority Petitioners accrued prior to their reclassifications, when they belonged to bargaining units different from those to which they were assigned when furloughed, was not credited to the seniority earned after their classifications.

[2] The Act's phrase "lack of funds" is not synonymous with the term "bankruptcy." As we stated in *Forbes,* 61 Pa. Commonwealth Ct. at 644 n. 4, 434 A.2d at 894 n. 4, "[a] 'lack of funds' exists when insufficient revenue is available to meet all financial demands unless modifications are made in the system."

[3] Section 802 of the Act, 71 P.S. §741.802, provides pertinently:

An employe shall be furloughed only if at the time he is furloughed, he is within the lowest quarter among all employes of the employes in the same class on the basis of their last regular service ratings, and within this quarter he shall be furloughed in the order of seniority *unless there is in existence a labor agreement covering the employes to be furloughed, in which case the terms of such labor agreement relative to a furlough procedure shall be controlling.* . . . (Emphasis added.)

Petitioners argue that they were improperly furloughed because the reclassification notices failed to inform them of their surrender of seniority garnered prior to their reclassifications. While Section 741.950 of the Act, 71 P.S. §741.950, requires that classified service employes be provided with written notice of any personnel actions taken with respect to them; and assuming, without deciding, that reclassification is a personnel action requiring written notice,[4] neither Section 741.950 of the Act nor the Commission's regulations at 4 Pa. Code §105.3 require that Petitioners be apprised of the myriad consequences of this personnel action.

Accordingly, we affirm the Commission's orders.

ORDER

AND NOW, this 12th day of October, 1983, the orders of the State Civil Service Commission in the above-captioned matter are affirmed.

---

[4] Section 105.2(a) of the Commission's regulations, 4 Pa. Code §105.2(a), which lists fourteen separate personnel actions for which written notice is required, does not include "reclassification."