Wallace G. Johnson, Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

Rosauro C. Palileo, Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

William M. Buck, Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

Lisle E. Williams, Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

Robert J. Sommer, Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

Frank G. Ciccarelli, Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

John B. Sullivan, Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

Norma Matisz, Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

Samuel Livingston, Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

Robert S. Niedzielka, Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

Richard D. Ponzetto, Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

Edwin A. Kist, Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

Victor Reck, Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

Ronald Walker, Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

Robert Ivill, Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

Charles Miller, Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

Martin L. Neaman, Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

Argued November 17, 1982, before Judges ROGERS, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*T. Lawrence Palmer, McArdle, Caroselli, Spagnolli & Beachler,* with him *Jay D. Glasser, Hollinshead and Mendelson,* for petitioners.

*Michael McCarey,* with him *Mark Hodgeman,* Assistant Counsel, *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for respondent.

OPINION BY JUDGE WILLIAMS, JR., October 12, 1983: This is the consolidated appeal of seventeen furloughed or demoted regular status Pennsylvania Department of Transportation (DOT) employes (Peti-

tioners) from Civil Service Commission (Commission) orders sustaining their furloughs, or demotions in lieu of furloughs, as proper under the Civil Service Act (Act).[1]

By memorandum dated July 1, 1977, the Secretary of Transportation (Secretary) notified District Engineers and Bureau Directors of the cancellation of DOT's federally, and state bond, financed twelve year highway construction and maintenance program (12-year program). The 12-year program was discontinued as a result of a decision of the Secretary to terminate future state bond financing because of DOT's inability to afford the increasing debt service. Following personnel studies and modifications in personnel requirements to reflect the 12-year program's cancellation, petitioners were among those either furloughed or demoted in lieu of furlough, effective June 30, 1978. This consolidated appeal from the Commission's orders upholding the adverse personnel actions followed.

Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704, requires this Court to affirm Commission adjudications unless constitutional rights are violated, errors of law are committed or necessary findings of fact are not supported by substantial evidence. *Forbes v. PennDOT*, 61 Pa. Commonwealth Ct. 641, 643, 434 A.2d 892, 894 (1981).

A "furlough" is defined by Section 3(s) of the Act, 71 P.S. §741.3(s), as "a termination of employment because of lack of funds or work." Further, DOT, as the Appointing Authority, has the burden of proving

---

[1] Act of August 5, 1941, P.L. 752, *as amended*, 71 P.S. §741.3(f) and (s). These subsections provide:

    (f) "Demotion" means a change [in status] to a position in a class carrying a lower maximum salary;

    (s) "Furlough" means the termination of employment because of lack of funds or of work.

a prima facie case justifying Petitioners' furloughs. 4 Pa. Code §105.15; *Department of State v. Stecher*, 74 Pa. Commonwealth Ct. 45, 47, 459 A.2d 851, 854 (1983). DOT has successfully met this burden.

Petitioners first contend that the Secretary's decision to cease selling state bonds, which financed (in conjunction with federal monies) the 12-year program, and the program's consequent discontinuance, absent legislatively mandated funding reductions, was an arbitrary act not necessitated by a lack of funds. The Commission's findings, however, ignoring the *grounds* for terminating the program's state bond financing, established only that a lack of funds *resulted* from the Secretary's decision to cease selling state bonds.

The uncontroverted testimony of DOT's Deputy Secretary for Highway Administration provided ample grounds underpinning the Secretary's decision to halt the program's state bond financing. The witness repeatedly indicated that DOT could not afford to pay the ever increasing debt service; and, without continued state bond financing, the 12-year program was discontinued for lack of funds. Thus, the Secretary's decision to halt bond sales for reasons of economy was both rational and legitimate, and neither this Court nor the Commission may substitute its judgment for that of department officials in matters relevant to departmental economy and efficiency. *See, Vovakes v. Department of Transportation*, 71 Pa. Commonwealth Ct. 3, 453 A.2d 1072 (1982); *Department of Public Welfare v. Magrath*, 14 Pa. Commonwealth Ct. 257, 321 A.2d 403 (1974).

Therefore, concluding that substantial record evidence supports the Commission's findings that financial considerations motivated Petitioners' furloughs,[2]

---

[2] The Act's phrase "lack of funds" is not synonymous with the term "bankruptcy." As we stated in *Forbes*, 61 Pa. Commonwealth

and that the Secretary's decision to terminate state bond sales because of DOT's inabiliy to afford ever increasing debt service payments was a rational and legitimate attempt to promote governmental economy, we reject Petitioners' first argument.

Petitioners next assert that their furloughs improperly resulted from "a department-wide pattern of manipulation, discrimination, and irregularities in the [performance evaluation rating] PER system." A PER is each employe's relative numerical rank derived from his regular service rating. 4 Pa. Code §§99.11-99.15; *Collins v. PennDOT*, 37 Pa. Commonwealth Ct. 292, 296, 390 A.2d 333, 335 (1978); and, an employe is subject to furlough, "if at the time he is furloughed, he is [the least senior employe] within the lowest quarter among all employes of the employer in the same class on the basis of their last regular service ratings." Section 802 of the Act, 71 P.S. §741.802. Petitioners generally allege that the PERs of certain nondenominated, nonfurloughed DOT employes within their class were inflated by rating supervisors for non-merit reasons.[3]

It is axiomatic that judging issues of credibility and resolving evidentiary conflicts are functions of the Commission and not this Court. *Silvia v. Penn-*

---

Ct. at 644 n. 4, 434 A.2d at 894 n. 4, "[a] 'lack of funds' exists when insufficient revenue is available to meet all financial demands unless modifications are made in the system."

[3] Section 905.1 of the Act, 71 P.S. §741.905(a), provides as follows:

Prohibition of Discrimination.

No officer or employe of the Commonwealth shall discriminate against any person in recruitment, examination, appointment, training, promotion, retention or any other personnel action with respect to the classified service because of political or religious opinions or affiliations because of labor union affiliation or because of race, national origin *or other non-merit factors*. (Emphasis added.)

*hurst Center,* 63 Pa. Commonwealth Ct. 75, 78, 437 A.2d 535, 536 (1981). The Commission, simply, did not find Petitioners' broad allegations of department-wide irregularities in PERs to be credible. The Commission did find credible the testimony of DOT's personnel analyst that the challenged service ratings were properly determined in accordance with statute and regulations. Although Petitioners presented conflicting testimony, credibility determinations and evidentiary conflict resolution are for the Commission, *id.,* and this Court may not override the Commission's findings where those findings are supported by evidence sufficient to convince a reasonable mind to a fair degree of certainty. *Vovakes,* 71 Pa. Commonwealth Ct. at 7, 453 A.2d at 1074.

Finally, those Petitioners reclassified from "rank and file" to management on October 17, 1977, and who simultaneously transferred from a nonsupervisory to a supervisory bargaining unit, and whose seniority for furlough purposes (in accordance with the then controlling collective bargaining agreement) was determined exclusively by their length of service in the management classification, assert that their furloughs were improper because the reclassification, notices failed to apprise them of their surrender of "rank and file" seniority.[4]

Section 741.950 of the Act, 71 P.S. §741.950, requires that an employe in the classified service be pro-

---

[4] Section 802 of the Act, 71 P.S. §741.802, provides pertinently:

An employe shall be furloughed only if at the time he is furloughed, he is within the lowest quarter among all employes of the employer in the same class on the basis of their last regular service ratings, and within this quarter he shall be furloughed in the order of seniority *unless there is in existence a labor agreement covering the employes to be furloughed, in which case the terms of such labor agreement relative to a furlough procedure shall be controlling.* . . . (Emphasis added.)

vided with written notice of any personnel action taken with respect to that employe. Assuming, without deciding, that reclassification is a personnel action for which written notice is required,[5] neither Section 741.950 of the Act nor the Commission's regulations at 4 Pa. Code §105.3 require that Petitioners be apprised of the myriad consequences of this personnel action.[6]

Accordingly, we affirm the orders of the Commission.

### Order

And Now, this 12th day of October, 1983, the orders of the State Civil Service Commission in the above-captioned matter are affirmed.

---

[5] Section 105.2(a) of the Commission's regulations, 4 Pa. Code §105.2(a), which denominates fourteen separate personnel actions for which written notice is required, does not include "reclassification."

[6] We note that each reclassification notice contained the name and telephone number of a responsible DOT official to which Petitioners could have addressed additional inquiries.