Charles A. Yoder, Petitioner *v.* Commonwealth of Pennsylvania, Department of Labor and Industry, Respondent.

Argued September 10, 1985, before President Judge Crumlish, Jr., Judge Colins, and Senior Judge Kalish, sitting as a panel of three.

*Elliot A. Strokoff, Handler, Gerber, Johnston, Strokoff & Cowden,* for petitioner.

*Peter C. Laymna,* Assistant Chief Counsel, with him, *Richard L. Cole, Jr.* and *Barry Hartman,* for respondent.

Opinion by Judge Colins, October 8, 1985:

Petitioner, Charles A. Yoder, appeals from the decision of the State Civil Service Commission which dismissed his appeal and sustained his removal as Administrative Officer IV at the Department of Labor and Industry.

Petitioner had been employed for ten years as a District Manager of the Pennsylvania Bureau of Workers' Compensation, Western Region, in Pitts-

burgh. He apparently had some problems working with his superior, Mr. Hockman, the Director of the Bureau. At a business meeting on April 6, 1983 between the two, the Petitioner used a concealed tape recorder to tape the meeting. This action was disclosed at the end of the meeting. The Petitioner was notified by letter dated May 27, 1983 that he was removed from his position for the "use of a concealed microcassette recorder and the unauthorized tape" of the meeting. The letter was signed by Richard A. Himler, Director of Personnel, for the Honorable Barry H. Stern, Secretary to the Department of Labor and Industry.

On May 18, 1983, a fact-finding meeting was held concerning the taping, after which Petitioner was terminated. He appealed and a hearing was held before the Civil Service Commission on September 13, 1983. The Commission affirmed the removal. The Petitioner appeals the decision of the Commission. He alleges that his removal is void because the Secretary may not delegate his removal to the Personnel Director, and that his tape recording of the meeting was not just cause for the removal because he did not violate the law, and caused no actual harm.

The Respondent, on the other hand, argues that Petitioner's tape recording constituted just cause for his removal because it was in violation of the law, and because it constituted scandalous and disgraceful conduct. The Commission also alleges that the Secretary had validly delegated the power to terminate Petitioner to the Personnel Director.

Our scope of review is limited to a determination of whether constitutional rights are violated, errors of law are committed, or necessary findings of fact are not supported by substantial evidence. Resolutions of conflicting evidence and determinations of

credibility are left to the Commission. *Johnson v. Department of Transportation,* 77 Pa. Commonwealth Ct. 486, 466 A.2d 731 (1983).

The Commission, while admitting that it lacks the authority to determine Petitioner's guilt or innocence under 18 Pa. C.S. §5703(1), the Wiretapping and Electronic Surveillance Control Act (Act), concluded that he violated the law and that his misconduct was sufficiently serious to constitute just cause for removal.

Because §807 of the Civil Service Act[1] provides that "No regular employee in the classified service shall be removed except for just cause", we must determine whether the Commission erred in its legal conclusion that this behavior was just cause for termination.

The facts as admitted by Petitioner constitute criminal conduct under the Act. *Zinman v. Unemployment Compensation Board of Review,* 8 Pa. Commonwealth Ct. 649, 305 A.2d 380 (1973) (pertaining to 18 Pa. C. S. §5703(1), *formerly* Act of July 16, 1957, P.L. 956, 18 P.S. §3742).

Procedurally, the firing was directed by the Secretary and performed by the Personnel Director as his duly authorized agent. For these reasons, the decision of the Commission is hereby affirmed.

### ORDER

AND Now, October 8, 1985, the decision of the State Civil Service Commission, dated January 26, 1984, is affirmed.

Senior Judge KALISH dissents.

---

[1] Act of August 5, 1941, P.L. 752, *as amended*, 71 P.S. §741.807.