Robert D. SCHERICH, Appellee,

v.

INDEPENDENT SCHOOL DISTRICT NUMBER 42 OF GARFIELD COUNTY, Oklahoma, and Jack Rickabaugh, Carl J. Avery, James L. Coleman, Gene Crider, and Floyd S. Sumner, Individually and as members of the Board of Education of North Enid, Independent School District Number 42, Appellants.

No. 51736.

Court of Appeals of Oklahoma, Division No. 2.

Feb. 13, 1979.

Released for Publication by Order of Court of Appeals March 15, 1979.

George H. Wilson, II, Wilson & Wilson, Enid, for appellee.

Ronald L. Day, Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, Bill G. Halstead, Mitchell, Mitchell, DeClerk, Cox & Halstead, Enid, for appellants.

BRIGHTMIRE, Judge.

After being notified and given an opportunity to be heard on June 10, 1974, appellee schoolteacher, Robert Scherich, was dismissed by the North Enid Board of Education. After failing to obtain relief administratively, he filed this action for breach of contract damages, received a judgment, and the school board appeals claiming the district court lacked jurisdiction to pass on the teacher's complaint.

I

From the school board decision, Scherich appealed to the Professional Practices Commission. After a hearing, it concluded that it had jurisdiction under the "nonrenewal of contract" statute—70 O.S.1971 § 6–122—because at the time the board renewed the teacher's contract on March 5, 1974, its "true intent" was to dismiss him later, pursuant to the provision of 70 O.S.1971 § 6–103 in order to deprive him of appeal rights granted by § 6–122. The commission then purported to "order" appellee's reinstatement and reported its "recommendation" to the State Board of Education. The teacher did not, however, request the state board to review the recommendation as required by § 6–122, and, consequently, when the trial court inquired about what action it had taken, the board said its jurisdiction had never been invoked and that the matter was closed.

In this action, filed in the District Court of Garfield County, the teacher requested damages only for breach of the 1973–1974 employment contract for which he asked

$2,215 for the loss of his July and August 1974 salary. Plaintiff also asked for $2,749.20 because of a "decrease in salary of $274.94 per month for a ten-month period," [1] and, finally, $12,000 for "unproven defamatory remarks charging him with 'willful neglect of duty.'"

Notwithstanding repeated objections by the school board to the trial court's jurisdiction, including an ill-fated petition for certiorari to the Oklahoma Supreme Court, the case moved onward through a jury trial to a verdict for the rejected schoolteacher for $2,215.

## II

The Enid school board continues to insist that the trial court totally lacked jurisdiction over the subject matter of this action for two reasons: (1) the Enid board dismissed Scherich for willful neglect of duty—a decision which, under the provision of 70 O.S.1971 § 6–103, was "final," and not appealable to the district court—and (2) assuming the provision of § 6–122 applies, the teacher failed to exhaust the administrative remedy available to him, *viz.*, requesting the State Board of Education to adopt and enforce the recommendation of the Professional Practices Commission.

■ With regard to the school board's second reason we think it clear that the Professional Practices Commission had no jurisdiction whatsoever over the dispute. Section 6–122 gives that commission jurisdiction to make recommendations to the State Board of Education only in cases where there is a failure of the local board "to renew the contract" of any teacher for, among other things, willful neglect of duty. Here the Enid school board did not fail to

renew Scherich's contract for the 1974–1975 school year but did just the opposite. In undertaking to accept jurisdiction of the matter at the teacher's request and in reaching the conclusion it did, the commission found itself in the untenable position of having to find, in effect, that while the Enid board renewed the teacher's contract in April 1974, such renewal was ineffective, because it was motivated by a desire to later dismiss him under § 6–103 and thereby deprive him of his § 6–122 appeal rights.[2] The illogicality pursued by the commission is made manifest by the fact that it had to then turn right around and find the contract should be renewed—the only relief it could recommend. By what process of reasoning the commission reached the conclusion that such action would operate to deprive the local school board of its § 6–103 dismissal rights is not disclosed. We hold the Professional Practices Commission was without jurisdiction to hear the Scherich appeal.

## III

■ Appellant's other reason for nullifying Scherich's judgment—that the Enid board's dismissal under § 6–103 was a final nonappealable action—is premised on a correct analysis of § 6–103 but does not reach the core issue. That the finality referred to in § 6–103 was intended by the statute's creators to foreclose appeal of the local board's decision to the courts is made fairly obvious by the fact that immediately after saying that a dismissal for incompetency or neglect of duty is final, such appeal rights are granted to one discharged for conduct involving moral turpitude. But, to say Scherich has no right of appeal to the courts is not to say he has no remedy for a breach of his contract, *e. g.,* arbitrary dis-

---

1. Though it is not clear from the petition, the item may relate to the reduction in salary resulting from his demotion from principal to teacher during the 1974–75 contract period. Such a contract is not alleged. The demotion took place in March 1974 and apparently was accepted without contest. The April 10, 1974 renewal contract for 1974–75 called for teaching and thus regardless of what the facts were there could have been no breach of a 1974–75 "principal contract."

2. Section 6–103 authorizes the dismissal of a teacher for, among other things, willful neglect of duty following notice and a hearing and then says: "Provided in cases involving incompetency or neglect of duty, the decision arrived at at said hearing shall be final and in those involving moral turpitude an appeal may be taken to the district court of the county. . . . "

missal for willful neglect of duty by the board—*i. e.,* a dismissal founded on no evidence of such neglect.

As might be deduced from what we have already said, the public policy statutorily established in this state was and still is to protect public school teachers against capricious dismissals, particularly tenured ones—a policy which is a part of every teacher contract. For teachers who have completed three years § 6–122 [3] provides a measure of security by making their annual contract renewal automatic unless the local school board, after due notice and a hearing, finds evidence that there exists one or more specified causes to not renew the contract—namely, "immorality, wilful neglect of duty, cruelty, incompetency, teaching disloyalty to the American Constitutional system of government, or any reason involving moral turpitude." We underscore the fact that nonrenewal of a contract or dismissal during a contract period must be for one of the specified causes. So while there shall be no right of appeal from a board's finding of cause, yet, if in fact there existed no evidence upon which to base a finding of a dismissable cause, the board has breached the contract. To argue that the teacher has no remedy for such a wrong is to ignore another commitment of the people found in Article 2, Section 6 of the Oklahoma Constitution—that the "courts of justice of the State shall be open to every person, and speedy and certain remedy afforded for every wrong and every injury to person, property, or reputation . . . ."

Nor is affording Scherich a remedy in this case entirely without precedent. The victim of a nonappealable wrongful attachment was found to have remedial access to the district court in *Nation v. Savely,* 127 Okl. 117, 260 P. 32 (1927).

We hold the intent which gave birth to the finality mandate of § 6–103 was not to vouchsafe causeless dismissals but to accelerate the process of removing those concerning whom the board hears evidence of a transgression.

■ In his petition, Scherich accused the Enid school board of breaching its contract with him by arbitrarily finding him guilty of willful neglect of duty—that is, that there was no evidence before the board upon which it could reasonably base a finding that Scherich had willfully neglected his duties as a schoolteacher during the 1973–1974 school year.

We have no transcript of the evidence, but the instructions disclose that the issue tried and the one the jury was told to decide was whether or not Scherich was, prior to June 10, 1974, "guilty . . . of wilful neglect of duty and was wrongfully dismissed . . . ." Instruction No. 2, for example, told the jury that plaintiff had the burden of proving that he "complied with his contract . . . and . . . performed his duties as required" and, curiously, that defendant had the burden of proving that "plaintiff did not comply with the contract and was rightfully dismissed because of wilful neglect of duty in the performance thereof . . . ."

Resolution of the foregoing issue is statutorily reposed in the school board and the court had no jurisdiction to try it. The ultimate effect of doing so was to give the teacher a right of appeal replete with a trial de novo in direct contravention of the statutory proscription.

### IV

The judgment appealed is therefore reversed and the cause remanded to the trial court with directions to grant appellants a new trial and to restrict further judicial inquiry to the narrow question of whether or not the Enid board's decision to dismiss Scherich was arbitrary and thus in violation of his contractual rights. If it was not, then, of course, appellants should prevail. But if it was, then an assessment of the

---

**3.** We are dealing here with the 1971 enactment. Since then § 6–122 has been amended (1974) and repealed (1977).

resulting detriment to appellee should be made.

BACON, P. J., and NEPTUNE, J., concur.