Michael Pavia, Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

August W. Arnold, Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

Francis Bologna, Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

DISSENTING OPINION BY JUDGE MACPHAIL, November 27, 1979:

I respectfully dissent. As noted in the majority opinion, classified employees are entitled to a public hearing where such employees have been furloughed in violation of the provisions of the Civil Service Act. Here the employees *voluntarily* accepted a demotion and their furloughs were cancelled. If there is no furlough order extant, how can there be a hearing? If the Civil Service Commission convenes, what will it decide? The question does not seem to be whether the employees are still suffering from the now cancelled furlough orders, but rather whether the Commission has any authority to adjudicate the validity of the furloughs ordered by the Department of Transportation.

If the demotions were somehow unjust, unfair or the result of imposition on the part of the Department of Transportation (matters which do not appear in

the record before us), the Petitioners have a right to a hearing for any of those reasons. Of course, in those circumstances, the hearing would be on an appeal from the demotion, rather than from the cancelled furlough orders.

Finally, I find the majority reasoning that to deny a hearing here would be inconsistent with the policy of the law that injured persons should mitigate their damages to be inapplicable to the facts of this case.