Michael Pavia, Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

Francis Bologna, Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

August W. Arnold, Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

Argued November 17, 1982, before Judges ROGERS, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*T. Lawrence Palmer,* with him *Jay D. Glasser, Hollinshead and Mendelson,* for petitioners.

*Michael McCarey,* with him *Mark Hodgeman, Louis G. Cocheres* and *Ward T. Williams,* Chief Counsel, for respondent.

OPINION BY JUDGE WILLIAMS, JR., October 12, 1983:

This is the consolidated appeal of three, classified service Department of Transportation (DOT) employes (Petitioners)[1] from Civil Service Commission (Commission) orders sustaining their "furloughs" under the Civil Service Act (Act).[2]

---

[1] Michael Pavia, August W. Arnold and Francis Bologna.

[2] Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §§741.1-741.1005.

By letters dated June 15, 1978, Petitioners were individually notified that each would be furloughed effective June 30, 1978. Subsequent to their appeals of the furloughs notices to the Commission, but prior to Commission action, each Petitioner voluntarily accepted a demotion in lieu of a furlough. With the cancellations of the furloughs on July 29, 1978, the Commission denied Petitioners' hearing requests. On appeal to this Court, we vacated the Commission's orders denying Petitioners' hearing requests regarding their initial furlough notices and remanded the cases to the Commission for a hearing on the validity of the canceled furloughs.[3] Although Petitioners voluntarily accepted demotions in lieu of furloughs, in accordance with *Pavia* and the Commission's orders (which sustained Petitioners' "furloughs") we shall, within our scope of review,[4] determine the validity of Petitioners' "furloughs."

A furlough is defined by Section 3(s) of the Act, 71 P.S. §741.3(s), as "a termination of employment because of lack of funds or work." The Commission's regulations and case authority burden DOT, as the Appointing Authority, with establishing a prima facie case justifying Petitioners' "furloughs." 4 Pa. Code §105.15; *Department of State v. Stecher*, 74 Pa. Commonwealth Ct. 45, 47, 459 A.2d 851, 854 (1983).

By memorandum dated July 1, 1977, the Secretary of Transportation (Secretary) notified District En-

---

[3] *Pavia v. PennDOT*, 47 Pa. Commonwealth Ct. 399, 408 A.2d 206 (1979) (MacPhail, J., dissenting, 56 Pa. Commonwealth Ct. 96, 408 A.2d 206 (1979)).

[4] Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704, requires this Court to affirm Commission adjudications unless constitutional rights are violated, errors of law are committed or necessary findings of fact are not supported by substantial evidence. *Forbes v. PennDOT*, 61 Pa. Commonwealth Ct. 641, 643, 434 A.2d 892, 894 (1981).

gineers and Bureau Directors of the cancellation of DOT's federally, and state bond, financed twelve year highway construction and maintenance program (12-year program). The 12-year program was discontinued as a result of the Secretary's decision to cease state bond financing of the program. As a consequence of personnel studies and modifications in personnel requirements to reflect the 12-year program's discontinuance, Petitioners were among those furloughed.

Petitioners first contend that, contrary to the Commission's findings and absent legislatively mandated funding reductions, their "furloughs" resulted not from a lack of funds, but from the 12-year program's cancellation due to the Secretary's arbitrary decision to halt necessary bond financing. The Secretary's memorandum of July 1, 1977 and the uncontroverted testimony of DOT's Deputy Secretary for Highway Administration and Executive Assistant to the Secretary establish, however, that the 12-year program's bond financing was terminated upon the Legislature's failure to appropriate monies sufficient to fund properly DOT's other programs. As a consequence of the Legislature's failure and in recognition of the ever increasing debt service necessitated by the bond financed program, the Secretary canceled the 12-year program to permit the continued operation of DOT's other projects.

The Secretary's decision to halt bond financing for reasons of economy was rational and legitimate. Neither this Court nor the Commission may substitute its judgment for that of department officials in matters relevant to economy and efficiency. *See, Vovakes v. Department of Transportation,* 71 Pa. Commonwealth Ct. 3, 453 A.2d 1072 (1982); *Department of Public Welfare v. Magrath,* 14 Pa. Commonwealth Ct.

257, 321 A.2d 403 (1974). We therefore find substantial evidence underpinning those findings establishing a lack of funds situation.[5] *Sharp v. PennDOT,* 67 Pa. Commonwealth Ct. 522, 447 A.2d 1057 (1982); *Forbes.*

Petitioners next assert that their "furloughs" improperly resulted from a department-wide pattern of manipulation, discrimination and irregularities in the performance evaluation rating (PER) system. A PER is each employe's relative numerical rank rating derived from his regular service rating. 4 Pa. Code §§99.11-99.15. Petitioners broadly allege that the PERs of certain nondenominated and nonfurloughed DOT employes within their class were inflated by rating supervisors for nonmerit reasons. *See,* Section 905.1 of the Act, 71 P.S. §741.905(a).

Resolving issues of credibility and evidentiary conflicts are functions of the Commission and not this Court. *Silvia v. Pennhurst Center,* 63 Pa. Commonwealth Ct. 75, 78, 437 A.2d 535, 536 (1981). The Commission, simply, did not find Petitioners' general allegations of department-wide irregularities in PERs to be credible. Accordingly, Petitioners' second argument is dismissed.

Finally, Petitioner Bologna was reclassified from "rank and file" to management on April 19, 1973. Petitioner was simultaneously transferred from a nonsupervisory bargaining unit. In accordance with the terms of the collective bargaining agreement controlling at the time of his "furlough," seniority, for furlough purposes, was calculated as "bargaining unit

---

[5] The Act's phrase "lack of funds" is not synonymous with the term "bankruptcy." As we stated in *Forbes,* 61 Pa. Commonwealth Ct. at 644 n. 4, 434 A.2d at 894 n. 4, "[a] lack of funds' exists when insufficient revenue is available to meet all financial demands unless modifications are made in the system."

seniority."[6] Thus the seniority Petitioner accrued prior to his reclassification, while belonging to a nonsupervisory bargaining unit, was not credited to his bargaining unit seniority earned after reclassification, when Petitioner belonged to a supervisory bargaining unit.

Petitioner Bologna asserts that he was improperly furloughed because the reclassification notice failed to inform him of his surrender of "rank and file" seniority. Section 741.950 of the Act, 71 P.S. §741.950, requires, however, only that written notice of any personnel action taken with respect to an employe in the classified service be provided. Assuming, without deciding, that reclassification is a personnel action for which written notice is required,[7] neither Section 741.950 of the Act nor the Commission's regulations at 4 Pa. Code §105.3 require that Petitioners be apprised of the myriad consequences of a personnel action.

Accordingly, we affirm the orders of the Commission.

### ORDER

AND Now, this 12th day of October, 1983, the orders of the State Civil Service Commission in the above-captioned matter are affirmed.

---

[6] Section 802 of the Act, 71 P.S. §741.802, provides pertinently:

An employe shall be furloughed only if at the time he is furloughed, he is within the lowest quarter among all employes of the employes in the same class on the basis of their last regular service ratings, and within this quarter he shall be furloughed in the order of seniority *unless there is in existence a labor agreement covering the employes to be furloughed, in which case the terms of such labor agreement relative to a furlough procedure shall be controlling.* . . . (Emphasis added.)

[7] Section 105.2(a) of the Commission's regulations, 4 Pa. Code §105.2(a), which lists fourteen separate personnel actions for which written notice is required, does not include "reclassification."