586 A.2d 517

**Thomas R. CAMPBELL, Petitioner,**

v.

**DEPARTMENT OF TRANSPORTATION, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 2, 1990.

Decided Jan. 29, 1991.

---

Charles R. Rosamilia, Jr., Lock Haven, for petitioner.

Robert C. Bell, Asst. Counsel In–Charge, Harrisburg, for respondent.

Before COLINS and KELLEY, JJ., and BLATT, Senior Judge.

COLINS, Judge.

Thomas R. Campbell (Campbell) petitions for review of an adjudication and order of the State Civil Service Commission (Commission) which dismissed his appeal and sustained the action of the Pennsylvania Department of Transportation (DOT) in removing Campbell from employment as a Highway Maintenance Manager I.

At the time of his removal, Campbell was an Assistant County Manager in DOT's Maintenance District 2–6, Clinton County. He was responsible for maintenance activities in northwestern and part of southeastern Clinton County. Campbell directly supervised four highway maintenance foremen and indirectly supervised between 17 and 25 employees. As Assistant County Manager, Campbell was at the second highest level of management in the county. His duties included responsibility for discipline of employees and orientation of new employees with regard to DOT's work rules and policies.

On August 1, 1989, Campbell directed Ralph Summerson, who was assigned to a work site on Keating Mountain, to report to work for Campbell. He instructed Summerson first to deliver a truck to Lock Haven for repairs and then to report to the North Bend stockpile. There, he directed Summerson to clean up the stockpile and take three loads of material to a property jointly owned by Campbell, his wife, and his parents, on Hyner Mountain Road. Campbell also directed Summerson's foreman, Harry Cummings, to leave Summerson on the Crew Daily Project Time Record and Diary Form, indicating that Summerson had spent his day working at the Keating Mountain site. Campbell signed that form, verifying that it was true and correct.

Members of the public informed Campbell's supervisor, County Manager Robert Orso, that DOT material had been dumped on Campbell's property. Shortly thereafter, on August 11, 1989, Campbell was suspended pending investigation. He was removed from his position as Assistant County Manager effective August 29, 1989.

Campbell timely appealed to the Commission, a hearing was held, and the Commission issued its Adjudication and Order on May 23, 1990. The Commission found that Campbell had violated DOT's work rules and policies that prohibit a DOT employee from converting or misappropriating DOT property. The Commission deemed Campbell's violation to be merit related and, therefore, just cause for his removal.

█ Campbell raises five issues for this Court to review,[1] the first two of which concern the validity of the letter notifying him of his removal. Campbell argues that the removal letter is defective, because it was not signed by the appointing authority or a designated subordinate. He also argues that the letter was defective because it was dated August 29, 1989, the same day that his removal was effective. Campbell did not raise either of these issues at the hearing and he has, therefore, waived his right to raise them on appeal pursuant to Pa. R.A.P. 1551(a).

█ Campbell's third issue concerns the type of material which was dumped on his property. He argues that the material was waste material which is not specifically covered by DOT's work rules. Therefore, he argues, the dumping of this waste material should not subject him to removal. Pursuant to Campbell's argument, DOT's work rules and policies cover only excess and scrap material. To support his argument, Campbell relies on the following rule: "Some major offenses are so serious that any violations shall, without exception and regardless of the circumstances, result in immediate discharge of an employe. These include the following: ... 2. Conversion or misappropriation of Department property, including scrap material and excess material." DOT argues, and we agree, that the plain meaning of that rule implies that the conversion or

1. Pursuant to Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704, we must affirm the Commission's adjudication unless the Commission's findings of fact are not supported by substantial evidence or the decision violates Campbell's constitutional rights, is not in accordance with law or is procedurally defective. *Estate of McGovern v. State Employes' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986).

misappropriation of *any* DOT property shall result in the immediate discharge of an employee. The phrase "including scrap material and excess material" is clearly meant to illustrate the general rule and is not meant to limit it.

DOT also introduced several memoranda to support its position. Campbell received a copy of a November 20, 1987 memorandum which states, "Effective immediately, we will no longer dump materials on employee's property." Campbell did not deny receiving a memorandum dated August 12, 1988 which states, "It remains our policy that no property in any form belonging to the Department is to be given to, taken by, loaned to or loaned by, our employes, either for their own personal use or that of another party."

The Commission's Finding of Fact No. 13 states, "Appointing authority policy prohibits employes from taking or receiving appointing authority property." Our review of the record reveals that the Commission's finding of fact is supported by substantial evidence.

■ Campbell's fourth issue concerns DOT's burden of proof. Pursuant to Section 807 of the Civil Service Act, a regular employee can be removed only for just cause.[2] To meet its burden of proving just cause, DOT was required to establish that Campbell's removal was based on job-related criteria which touch on his competency and ability in some rational and logical way. *Corder v. Civil Service Commission*, 2 Pa. Commonwealth Ct. 462, 279 A.2d 368 (1971). The Commission determined that DOT had proved that Campbell's actions violated DOT's work rules and policies, that the violation was merit related, and that it affected Campbell's competence as a manager. Campbell argues that DOT did not meet its burden of proving that the property in question belonged to DOT. We find no merit in his argument that DOT was required to prove that the property was its own, because the material was stored at DOT's stockpile; and DOT proved that Campbell improperly directed a DOT employee to use DOT equipment to dump

2. Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. § 741.807.

the material on Campbell's private property while that employee was being paid by DOT.

Campbell's fifth issue concerns the Hyner Mountain Road property on which the material was dumped. Campbell argues that his parents are the owners of that property and that his name was placed on the deed only for estate planning purposes. Our review of the record reveals that there is substantial evidence to prove that Campbell is an owner of the Hyner Mountain Road property.

Accordingly, the order of the Commission is affirmed.

## ORDER

AND NOW, this 29th day of January, 1991, the order of the State Civil Service Commission in the above-captioned matter is affirmed.