Lance K. CHILDERS, Appellant,

v.

INDEPENDENT SCHOOL DISTRICT NO. 1 OF LINCOLN COUNTY, Oklahoma, Appellee.

No. 76700.

Court of Appeals of Oklahoma, Division No. 1.

April 21, 1992.

Rehearing Denied June 8, 1992.

Certiorari Denied Nov. 24, 1992.

Frank E. Walta, Oklahoma City, for appellant.

Reggie N. Whitten, Kathryn D. Mills, Mills, Whitten, Mills, Mills & Hinkle, Oklahoma City, for appellee.

BAILEY, Judge:

Appellant Lance K. Childers (Childers) seeks review of the Trial Court's order dismissing Childer's action for breach of employment contract on demurrer to the evidence by Appellee Independent School District No. 1 of Lincoln County, Oklahoma (School). Herein, Childers asserts (1) no statutory bar to his breach of contract action by 70 O.S.1981 § 6–103.4(E) and failure of School to timely raise the § 6–103.4(E) defense, (2) denial of equal protection of laws, and (3) lack of evidentiary support for School's termination decision.

School employed Childers as teacher and coach for the school year 1986–87. In anticipation of a shortfall in funding for the upcoming year, School, through its governing Board of Education (Board), implemented a reduction in force, and on or about April 10, 1987, properly notified Childers, a "probationary or non-tenured teacher,"[1] (1) of non-renewal of his employment contract for the 1987–88 school year, and (2) of right to a "due process" hearing before Board on the non-renewal issue. At the hearing, Board voted unanimously not to renew Childer's employment contract.

Childers then commenced the instant action for breach of employment contract, claiming termination on the "pretext" of a reduction in force. On the eve of trial, School moved to dismiss, asserting for the first time in the proceedings that School's non-renewal decision was "final and nonappealable" by separate District Court action.[2] The Trial Court took School's motion to dismiss under advisement.

Childers then presented his evidence in chief, tending to show that the anticipated funding shortfall never came to pass, that School received income from other sources sufficient to offset any anticipated shortfall, and that in fact, School realized a net increase in income for the following year. During Childers' case in chief, School adduced evidence tending to support School's anticipated shortfall in funding.

At the close of Childers' case in chief, School renewed its motion to dismiss by

---

1. 70 O.S.1981 § 6–102.1(4) (defining "probationary or non-tenured teacher" as a "duly-certificated teacher who has completed less than three (3) consecutive school years of teaching service in one school district under a written teaching contract.")

2. At the time of Childer's employment and nonrenewal, Oklahoma statutes provided in pertinent part:

 A. Whenever a superintendent of a school district determines that cause exists for the ... nonreemployment of a teacher employed within the school district, he or she shall submit a recommendation in writing to the board of education for such school district.... The recommendation for the ... nonreemployment of ... a ... probationary teacher shall be approved or rejected upon a majority vote of the board's members.
 B. If the local board of education approves the recommendation, ... the board shall cause written notice of ... nonreemployment to be mailed by certified mail, restricted delivery, with return receipt requested, to the teacher who is the subject of the action....

 In the case of a probationary teacher whose contract is not being renewed, the notice shall state the cause of nonrenewal and the right of the teacher to have a due process hearing conducted by the board of education.....

 · · · · ·

 E. ... At the hearing the probationary teacher shall be afforded all such procedural due process rights as are guaranteed by the Oklahoma and United States Constitutions. *At the conclusion of the hearing, the local board of education shall render a final and nonappealable decision on the question of the probationary teacher's ... nonreemployment.* 70 O.S.1981 § 6–103.4. (Emphasis added.)
 See also, *Mindemann v. Ind. Sch. Dist. No. 6 of Caddo Cty.,* 771 P.2d 996, 1000 (Okl.1989) (Under 70 O.S. § 6–103.4(E), "school board's decision on questions of nonreemployment of a probationary teacher *shall* be final and unappealable, absent a violation of procedural due process"); *Scherich v. Ind. Sch. Dist. No. 42 of Garfield Cty.,* 591 P.2d 1270, 1272 (Okl.App. 1979) ("finality referred to in § 6–103 ... intended ... to foreclose appeal of the local board's decision to the courts").

demurrer to the evidence. The Trial Court sustained the demurrer and dismissed Childers' action, finding:

> ... [T]he right to renew a contract of a non-tenured teacher is the exclusive right of the Board of Education, providing there is no violation of public policy and that due process is followed. It is the opinion of the Court that substantial evidence existed that the Board relied on to make its decision. It is the opinion of the Court that having this evidence before it, the decision is not reviewable. The decision of the Board of Education is final. It is further the opinion of the Court that the evidence fails to sustain any burden of the Plaintiff.

Childers appeals as aforesaid.

 Section 6–103 of Title 70, Oklahoma Statutes (1981) has been construed as granting the local school boards broad non-delegable discretion in matters of probationary/non-tenured teachers' contracts.[3] Section 6–103 has also been construed as substantially limiting the power of the District Courts to review a school board's decision not to renew a probationary teacher's contract unless it is shown that the school acted arbitrarily in violation of contract rights[4] or in violation of the non-tenured/probationary teacher's procedural due process rights[5] in making the non-renewal decision.

 We initially find no error by the Trial Court in consideration of School's assertion of applicability of § 6–103.4(E). First, Childers specifically cites § 6–103.-4(E) in support of his claim in his initial petition, and can hardly claim prejudice from School's assertion of rights thereunder at trial. Second, we find the applicability of § 6–103.4(E) timely raised as fairly encompassed in School's answer alleging Childers' failure to state a claim.[6] We further find the statute free of constitutional infirmity, the state having a legitimate interest in the regulation of teachers and teachers' contracts,[7] and the statute treating all non-tenured/probationary teachers alike.[8]

Further, and although Childers couches his claim in terms of a breach of contract action, it appears to this Court that Childers merely seeks review of School's nonrenewal decision, such an action clearly proscribed by § 6–103.4(E). Even assuming that Childers states a proper claim for breach of contract, we find the evidence adduced in Childers' case in chief showed no arbitrary or capricious conduct by

---

3. *Raines v. Ind. Sch. Dist. No. 6 of Craig Cty.*, 796 P.2d 303, 304 (Okl.1990) (non-delegable "powers to admonish, suspend, dismiss or not reemploy" statutorily vested in school board); *Mindemann*, 771 P.2d at 1000 (non-delegable "managerial prerogative"); *Wood v. Ind. Sch. Dist. No. 141 of Pottawatomie Cty.*, 661 P.2d 892, 896 (Okl.1983) (non-tenured teacher's "interest in continued employment is relatively slight"; "no statutory cause for nonrenewal must be shown although nontenured teachers are entitled to an explanation of the action taken"); *Weeks v. Northeast Oklahoma Area Vocational-Technical School, Dist. No. 11*, 657 P.2d 1205 (Okl.App.1982) (where statutory procedure for non-renewal followed, and where there is no showing that board acted otherwise than in proper exercise of discretion in nonrenewal of probationary teacher's contract, no due process violation found.)

4. *Scherich*, 591 P.2d at 1273.

5. *Mindemann*, 771 P.2d at 1000, 1002; *Wood*, 661 P.2d at 896; *Weeks*, 657 P.2d at 1207–1208. See also, *Jackson v. Ind. Sch. Dist. No. 16 of Payne Cty.*, 648 P.2d 26, 28 at footnote 4, 31–32 (Okl.1982) (while recognizing "decision of Board on the question of a probationary teacher's ... non-reemployment is final and unappealable pursuant to 70 O.S. § 6–103.4(E)," Supreme Court nevertheless held due process requires school to give notice of "reasons for nonreemployment," and affirmed Trial Court's holding to that effect.)

6. 12 O.S.Supp.1984 § 2012(B)(6).

And cf., e.g., *Woods Petroleum Corp. v. Sledge*, 632 P.2d 393 (Okl.1981) (jurisdictional questions may be raised at any time in the proceedings.)

7. *Wood*, 661 P.2d at 896.

8. See, e.g., *Texas Oklahoma Express v. Sorenson*, 652 P.2d 285, 290 (Okl.1982) ("In testing the validity of a state statute which differentiates in its treatment of one group of individuals compared with its treatment of another group as against the constitutional prohibition ... against denial of equal protection of the laws, ... [the] test is ... whether the classification which forms the basis for the differentiation is neither arbitrary nor capricious, and bears a reasonable relation to the object to be accomplished.")

School in violation of Childers' contractual rights,[9] School having adduced evidence supportive of a finding of a non-pretextual fear of underfunding, constituting a valid reason for non-renewal,[10] and we refuse to impose liability on School for lack of oracular powers at the time of the non-renewal decision to prophesy adequate funding for the upcoming year when faced with substantial evidence indicative of a forthcoming shortfall.

The order of the Trial Court dismissing Childers' action is therefore AFFIRMED.

GARRETT, P.J., and ADAMS, J., concur.

9. *Scherich,* 591 P.2d at 1273.

10. Cf., *Weeks,* 657 P.2d at 1207–1208 (cancellation of program constitutes valid ground for nonrenewal).
See also, *Keppeler v. Bd. of Trustees,* 38 Wash. App. 729, 688 P.2d 512 (1984) (economic rea-

sons and resulting reduction in force constitute valid reason for nonrenewal); *Boyce v. Bd. of Education,* 76 Mich.App. 526, 257 N.W.2d 153 (1977) (board may lay off tenured teachers if economic conditions require it).