619 A.2d 811

**TORRANCE STATE HOSPITAL, DEPARTMENT OF PUBLIC WELFARE, COMMONWEALTH OF PENNSYLVANIA, Petitioner,**

v.

**T. David NEWMAN, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 23, 1992.

Decided Nov. 27, 1992.

Publication Ordered Jan. 15, 1993.

Jeffrey P. Schmoyer, Asst. Counsel, for petitioner.

T. David Newman, pro se.

Before CRAIG, President Judge, PELLEGRINI, J., BLATT, Senior Judge.

PELLEGRINI, Judge.

The Department of Public Welfare (DPW) petitions for review the order of the Pennsylvania Civil Service Commission (Commission) reinstating T. David Newman (Newman) to his position as a Psychologist 2 at Torrance State Hospital.

Newman was employed at Torrance State Hospital as a Psychologist 2 and classified as a "regular" employee.[1] Because state budget considerations required that certain work activities be eliminated, reassigned or curtailed, one of the Psychologist 2 positions at Torrance needed to be furloughed. At the time, there was only one other regular Psychologist 2 position at Torrance. By letter dated February 13, 1991, DPW notified Newman that he was furloughed because both Psychologists 2 had the same overall rating on their most recent performance evaluation, but Newman had the least seniority.[2]

Newman filed an appeal of the furlough action under Section 951(a) of the Act, 71 P.S. § 741.951(a), alleging that the performance evaluation system was not properly implemented to reflect the other Psychologist 2's inferior work.[3] After a

[1] A regular employee is one who has been appointed to a position in the classified service after completing the probationary period. Section 3(k) of the Civil Service Act (Act), Act of August 5, 1941, P.L. 752, *as amended*, 71 P.S. § 741.3(k).

[2] Pursuant to Section 802 of the Act, 71 P.S. § 741.802(a), an employee is chosen to be furloughed when there are no probationary or provisional employees in the class, by first comparing most recent overall service ratings for the employees in the class and then by seniority.

[3] Newman's appeal request stated the reason for appeal under Section 951(a) of the Act as:

The Performance Evaluation was the criteria used to select me to be furloughed. My rating was the same as a colleague whose work is inferior to mine. During the rating period, two petitions of complaint were filed against him, yet his job performance rating equaled mine. Our supervisor does not give ratings at either end of the spectrum and wishes to avoid complaint and controversy. My com-

hearing which focused on the performance evaluation process, the Commission held that DPW had failed to meet the requirement of establishing a lack of work or a lack of funds sufficient to justify Newman's furlough. Even though Newman had not raised the issue of the justification for the furlough, the Commission held that whenever an appeal is taken from a furlough, the appointing authority always has the burden to establish a lack of work or of funds. The Commission ordered Newman reinstated to his regular Psychologist 2 position and reimbursed for lost wages. DPW then filed this appeal.[4]

DPW contends that because Newman did not raise the issue of the basis of the furlough in either the appeal request or at the hearing, the Commission erred in holding that they were required to establish a lack of work or a lack of funds to justify the furlough. We agree.

The Commission relied on *Commonwealth of Pennsylvania, Department of Transportation v. Stecher,* 506 Pa. 203, 484 A.2d 755, 757 (1984), for the proposition that in any appeal of a furlough, the appointing authority must establish a lack of work or of funds to justify the action. However, what the Supreme Court actually held was that *"when the validity of a furlough has been questioned,* the appointing authority has the burden of going forward with proof to establish a prima facie case." *Stecher,* 506 Pa. at 207, 484 A.2d at 757. (Emphasis supplied). In that case, the employees challenged the validity of the furloughs by alleging that the lack of funds justifying the furloughs had been cured by legislative action. By contrast, Newman's appeal request did not question the validity of the furlough by alleging there was not a lack of work. Newman raised only the issue of the performance evaluations

plaint is, if the performance evaluation system was properly implemented, I would not have been selected for furlough.

4. Our scope of review in civil service cases is limited to determining whether constitutional rights have been violated, an error of law was committed, or necessary findings of fact were unsupported by substantial evidence. *McGuire v. Department of Aging,* 140 Pa.Commonwealth Ct. 378, 592 A.2d 830 (1991).

completed on him and the other Psychologist 2 in the appeal request and at the hearing.[5]

Interpreting the Administrative Agency Law, 2 Pa.C.S. § 703(a),[6] our Supreme Court in *Wing v. Commonwealth, Unemployment Compensation Board of Review,* 496 Pa. 113, 436 A.2d 179 (1981), held that when the party appealing fails to raise an issue, it is waived and is not properly before the agency. Applying the waiver rule in the context of challenging a dismissal of an employee before the Commission, we held that an employee who failed to raise to the Commission the issue of defects in the letter notifying him of his removal waived a challenge to any defects in the letter. *Campbell v. Department of Transportation,* 137 Pa.Commonwealth Ct. 424, 586 A.2d 517 (1991). Because Newman did not raise the issue of the validity of the furlough, he waived that issue, and the Commission erred in requiring DPW to establish the validity of the furlough.

DPW also contends that rather than vacate the Commission's decision, we should reverse because it met its burden to establish a prima facie case by presenting evidence that the performance evaluation procedures were properly implemented. Although the Commission made general findings of fact concerning the performance evaluation, the Commission's decision focused on the unpresented issue of the validity of the furlough and not on the issue raised concerning the performance evaluations. Because the Commission has not resolved the factual issue, we cannot review whether the performance evaluations were proper and a remand is required. *See Wiegand v. Wiegand,* 461 Pa. 482, 337 A.2d 256 (1975).

Accordingly, we vacate the order of the Commission and remand the case for a decision addressing the issue of the performance evaluations.

**5.** Performance evaluations may be challenged as part of an appeal of a furlough. *See Pavia v. Commonwealth, Department of Transportation,* 77 Pa.Commonwealth Ct. 480, 466 A.2d 735 (1983).

**6.** The Administrative Agency Law, 2 Pa.C.S. § 703, provides:
(a) A party who [proceeded] before a Commonwealth agency under the terms of a particular statute ... may not raise upon appeal any other question not raised before the agency.

.    .    .    .    .

## ORDER

AND NOW, this 27th day of November, 1992, the order of the State Civil Service Commission is vacated and the case remanded for a decision on the issue raised by the appeal request to the Commission.

Jurisdiction relinquished.