18

1998 OK CIV APP 90

In the Matter of the Non–Reemployment of Jack ISCH, Frederick Gaston, Robert Hollis, James Kiper, Cleeta John Rogers, Marilyn Blackburn and John McCormick, Plaintiffs/Appellants,

v.

OKLAHOMA INDEPENDENT SCHOOL DISTRICT NO. I–89 of the STATE OF OKLAHOMA, Defendant/Appellee.

No. 89008.

Court of Civil Appeals of Oklahoma, Division No. 1.

April 3, 1998.

Certiorari Denied June 24, 1998.

Robert P. Legg, Baltimore, Maryland, for Plaintiffs/Appellants.

Anthony Zahn, Britton and Adcock, Oklahoma City, for Defendant/Appellee.

JOPLIN, Judge.

¶1 Plaintiffs/Appellants Jack Isch, Frederick Gaston, Robert Hollis, James Kiper, Cleeta John Rogers, Marilyn Blackburn and John McCormick (Appellants) seek review of the trial court's order affirming a decision of Defendant/Appellee Oklahoma Independent School District No. I–89 of the State of Oklahoma (Appellee) not to renew the employment contracts of Appellants, all "support employees" of Appellee as that term is defined by statute. In this proceeding, Appellants assert (1) Appellee failed to demonstrate a statutory condition precedent, i.e., either "cause," "lack of funds," or "lack of

work," for their non-reemployment, (2) Appellee acted arbitrarily and/or capriciously in making the non-reemployment decision, and (3) Appellee violated Appellants' due process rights, as well as the Oklahoma Open Meetings Act, in the conduct of hearing on Appellants' objections to Appellee's non-reemployment decision. However, we find no error as alleged and affirm the order of the trial court.

¶2 During the 1995–96 school year, Appellee's governing Board of Education (Board), together with the Superintendent and Deputy Superintendent of Schools, set a goal to reduce administrative costs and redirect expenditure of all available funds toward prioritized needs of the school district.[1] As part of the administrative cost reduction, Appellee proposed a two-step approach to reduce administrative staff, first through a voluntary retirement bonus program, and second (in perceived accord with established Board policies) through a reduction in force, with overall reductions in staff to include three positions in the Office of General Counsel and the six positions in the Superintendent's office held by Appellants.

¶3 Although notified of the possible impact of the proposed reduction in force on their positions, none of Appellants elected to take part in the voluntary retirement bonus program. When proposed and draft budgets for the next school year revealed expected revenue shortfalls, Appellee implemented its proposed reduction in force program to include the non-reemployment of Appellants, and notified Appellants thereof, as well as Appellants' due process right to a hearing before the Board on the non-reemployment decision.

¶4 At hearing before the Board, Appellants attempted to show that Appellee's budget for the upcoming year did not show a "lack of funds" sufficient to justify Appellants' non-reemployment, the facts and figures rather revealing both $8,000,000.00 in new spending for the upcoming year, as well as a projected $4,000,000.00 mid-term adjustment "windfall" for the current year. Appel-

lee presented evidence arguably showing a revenue shortfall even taking into consideration mid-term adjustments, as well as District "needs" in excess of $50,000,000.00. Upon consideration of the argument and testimony presented, Board determined not to reemploy Appellants, finding:

> ... [B]ased on the evidence presented, there exists a lack of funds or insufficient revenue to meet all of the priority financial needs and demands of the District. In addition to the needs reflected in the proposed budget for fiscal year '96 and '97, the financial demands of the District include, among others: maintaining an adequate General Fund balance, providing for an adequate reserve for the Workers' Compensation Fund, providing funds in a legal and appropriate manner, to provide for the 1993 bonds issue project overruns, and completion, and improving maintenance services for the plant and equipment.

Appellants then petitioned for review in the trial court, which, upon consideration of the matter, affirmed the decision of Appellee not to reemploy Appellants. Appellants now seek review in this court.

¶5 The parties agree that Appellants occupy the status of "support employees" as that term is defined by statute. 70 O.S.Supp. 1993 § 6–101.40. Regarding the non-reemployment of support employees, § 6–101.40 further provides in pertinent part:

> A support employee who has been employed by a local board of education for more than one (1) year shall be subject to suspension, demotion, termination or non-reemployment only for cause, as designated by the policy of the local board of education, adopted as provided [elsewhere] in ... this title. This section shall not be construed to prevent layoffs for lack of funds or work.

While a local school board must give a "reasonable assurance of employment in writing to any support employee that the school in-

---

1. I.e., restoration of depleted categorical reserves and equipment, establishing reserves to cover cost overruns in on-going bond projects, ensur-
ing provision of adequate classroom supplies, and maintenance of buildings.

tends to employ for the subsequent school year," a support employee on a year-to-year contract has no constitutionally protected property interest in continued employment in successive years, so that a local school board may nevertheless determine not to reemploy a support employee for the reasons set forth in § 6–101.40, i.e., (1) for cause, (2) for lack of funds, or (3) for lack of work. 70 O.S.Supp. 1993 § 6–101.45(A), (B); *Brown v. Independent School Dist. No. I–06 of McCurtain County, Oklahoma,* 974 F.2d 1237, 1240 (10th Cir.1992). Under the Oklahoma statutory scheme, however, where a local school board determines not to reemploy a support employee, the local board must notify the affected employee and afford the employee a hearing on the non-reemployment decision, but "[t]he decision of the local board of education at the hearing shall be final." 70 O.S.Supp. 1993 § 6–101.47.

¶ 6 In this particular, Appellee argues the "finality" provision of § 6–101.47 proscribes further district court review of Board's non-reemployment decision. On the other hand, Appellants would have this court recognize a "*mandatory expenditure priority*" for the continued employment of support employees under § 6–101.40, akin to the protections afforded tenured teachers under 70 O.S. § 6–101.20 et seq., which may not be disregarded by a local school board, and for the redress of which, support employees may seek review in the district court under the "final order made by any … board" provision of 12 O.S. § 951, and there obtain "de novo" review of the Board's decision.

■ ¶ 7 However, we discern no legislative intent in the plain language of §§ 6–101.40–101.47 governing the employment and *non-reemployment of support employees* to accord support employees the same guarantees of continued employment and/or "de novo" review protections afforded tenured teachers under 70 O.S. § 6–101.27. That is

to say, because § 6–101.40 permits non-reemployment on the occurrence of three contingencies, and because § 6–101.45 clearly contemplates a year-to-year reemployment decision for support employees based on legislative appropriation, but because none of the provisions governing the employment/non-reemployment of support personnel contain the same procedural protections afforded tenured teachers, we cannot accede to Appellants' demands for the same treatment accorded tenured teachers. Rather, we view the relevant sections governing the employment and non-reemployment of support employees as a hybrid, i.e., permitting non-reemployment of support employees only on the happening of the three contingencies enumerated in § 6–101.40, but without the "de novo" review features accorded tenured teachers.

■ ¶ 8 In this respect, both the Supreme Court and the Court of Civil Appeals have approved application of the review provisions of the Oklahoma Administrative Procedures Act (OAPA), 75 O.S. § 250 et seq., § 322(1) to actions for review of trial court orders affirming or reversing local school board's non-renewal/non-reemployment decisions regarding tenured teachers. *See, Independent School Dist. No. 4 of Harper County v. Orange,* 1992 OK CIV APP 145, 841 P.2d 1177, 1180 (employed "clearly erroneous" test under 75 O.S. § 322(1)(e) of OAPA to review trial court's order reversing hearing panel's affirmance of Board's decision on non-renewal of tenured teacher's contract); *Childers v. Independent School Dist. No. 1 of Bryan County,* 1981 OK 123, 645 P.2d 992, 995 (applied "clearly erroneous" test under 75 O.S. § 322(1)(e) to decision of trial court affirming hearing panel's decision on non-renewal of tenured teacher's contract).[2] To the extent, then, that the trial court in the present case undertook a review of the Appellee's non-reemployment decision

---

**2.** *See also, Childers v. Independent School Dist. No. 1 of Lincoln County,* 842 P.2d 355 (Okla.App. 1992) (order of trial court dismissing non-tenured teacher's breach of contract action after board elected not to renew non-tenured teacher's contract not subject to further review unless shown that "the school acted arbitrarily in violation of contract rights or in violation of the non-

tenured/probationary teacher's procedural due process rights in making the non-renewal decision"); *Mindemann v. Independent School Dist. No. 6 of Caddo Cty.,* 771 P.2d 996 (Okla.1989) ("board's decision on questions of nonreemployment of a probationary teacher shall be final and nonappealable, absent a violation of procedural due process.")

for arbitrary/capricious conduct or violation of Appellants' due process rights or other statutory rights, but without substitution of the trial court's judgment on the facts unless "clearly erroneous," we hold the trial court acted within its jurisdiction under the OAPA, 75 O.S. § 322(1)(a), (b), (c), (d), (e), and (f).[3]

¶ 9 So guided, we have likewise reviewed the remainder of Appellants' claims for alleged violation of their constitutional and/or statutory rights. 75 O.S. 1981 § 322(1); *Seely v. Oklahoma Horse Racing Com'n,* 1987 OK CIV APP 61, 743 P.2d 685, 689 (on appeal from an administrative decision, the appellate courts, whether the district court, the Court of Civil Appeals or the Supreme Court, apply the same standards of review directly to the administrative record.) We have previously rejected Appellants' arguments in support of their asserted constitutionally protected property right in continued employment and/or a "mandatory expenditure priority" as contrary to the express provisions of § 6–101.40 (permitting non-reemployment on three contingencies) and § 6–101.45 (requiring notice of re-employment after legislative appropriation, but without prejudice to rights accorded under § 6–101.40), and we reiterate that holding here, finding no violation of any rights accorded Appellants under the cited sections.

▆▆▆ ¶ 10 Appellants further assert other violations of their due process rights, particularly (1) challenging the impartiality of Board, (2) complaining of the tardy delivery of documents and witness lists, and (3) condemning Board for failure to make specific findings of fact supportive of the non-reemployment decision. As to Appellants' challenge to the partiality or bias of the Board, "the fact that an agency participates in the investigation, prosecution and adjudication of matters before it [does] not ... violate the due process clause[,] (citation omitted) [and] [a]gency administrators are presumed to be capable of judging a particular controversy fairly, on the basis of its own circumstances." *Wilson v. Oklahoma Horse Racing Com'n,* 1996 OK 3, 910 P.2d 1020, 1023. In the present case, Appellants have failed to demonstrate actual bias of the Board as to overcome the presumption of fairness. *See, e.g., Velharticky v. Independent School Dist. No. 3 of Roger Mills County, Oklahoma,* 846 F.Supp. 941 (W.D.Okla. 1993); *In re Murchison,* 349 U.S. 133, 136, 75 S.Ct. 623, 625, 99 L.Ed. 942 (U.S.Mich. 1955). As to the tardy delivery of documents and witness lists, while we concede that an agency is not free to violate its own procedural rules, and indeed, Board's procedures dictate exchange of exhibits and witness lists ten days prior to hearing, we find, beyond the mere allegation, no demonstrable prejudice arising from the manner in which documents and lists were provided or exchanged. *Cf., Henry v. Corporation Com'n of State of Okla.,* 1990 OK 103, 825 P.2d 1262, 1267. As to the Board's stated reasons for the non-reemployment decision, we find the reason previously quoted herein "sufficiently stated to enable the reviewing court to intelligently review the decision and ascertain if the facts upon which the order is based create a reasonable basis for the order." *Jackson v. Independent School Dist. No. 16 of Payne County,* 1982 OK 74, 648 P.2d 26, 32. We therefore find no due process violations as alleged.

---

3. The OAPA, 75 O.S. § 322, provides in pertinent part:

(1) In any proceeding for the review of an agency order, the Supreme Court or the district or superior court, [footnote omitted] as the case may be, in the exercise of proper judicial discretion or authority, may set aside or modify the order, or reverse it and remand it to the agency for further proceedings, if it determines that the substantial rights of the appellant or petitioner for review have been prejudiced because the agency findings, inferences, conclusions or decisions, are:

(a) *in violation of constitutional provisions;* or

(b) in excess of the statutory authority or jurisdiction of the agency; or

(c) made upon unlawful procedure; or

(d) affected by other error of law; or

(e) clearly erroneous in view of the reliable, material, probative and substantial competent evidence, as defined in Section 10 of this act, [footnote omitted] including matters properly noticed by the agency upon examination and consideration of the entire record as submitted; but without otherwise substituting its judgment as to the weight of the evidence for that of the agency on question of fact; or

(f) arbitrary or capricious; . . . .

¶ 11 Appellants also assert Board violated the Oklahoma Open Meetings Act (OMA), 25 O.S. § 301 et seq., § 307(B)(1), when it retired to executive session and there allegedly decided the sole reason for Appellants' non-reemployment, i.e., lack of adequate funding. However, inasmuch as the OMA, 25 O.S. § 307, and the Oklahoma School Code, 70 O.S. § 5–118 permit retirement to executive session "for the purpose of discussing the *employment* ... of any employee." Additionally, we note the administrative construction of the term "employment", by the Attorney General,[4] as used in 25 O.S. § 307(B)(1) as including "continued employment, and the conditions of employment such as place of employment, *salary*, duties to be performed and evaluations," considering the inextricably interwoven nature of Appellants' financial condition and the Appellants' reemployment decision as required by statute, we find no violation of the OMA as to warrant setting the proceedings aside.

¶ 12 We now turn our attention to the main thrust of Appellants' appeal. First, say Appellants, as a matter of fact, there does not exist a "lack of funds" as that term is used in § 6–101.40 as to justify Appellee's non-reemployment decision. Second, say Appellants, the Appellee's determination of such a "lack of funds" as to justify the non-reemployment decision was arbitrary and capricious, that is, unreasonable and without determining principle. The issues so framed, we are thus called to determine, in OAPA terms, whether the Appellee's finding of "lack of funds" as to justify the non-reemployment decision was "clearly erroneous in view of the reliable, material, probative and substantial competent evidence, ... but without otherwise substituting [our] judgment as to the weight of the evidence for that of the agency on [that] question of fact," and/or whether the Appellee's determination of a "lack of funds" was "arbitrary and capricious," that is, "willful and unreasonable without consideration or in disregard of facts or without determining principle," or "unreasoning ... in disregard of facts and circumstances." 75 O.S. § 322(1)(e), (f); *State ex rel. Bd. of Trustees of Teachers' Retirement*

*System v. Garrett*, 1993 OK CIV APP 29, 848 P.2d 1182, 1183 (defining "arbitrary and capricious" for purposes of application of the OAPA.)

¶ 13 Although we find no Oklahoma authority construing the phrase "lack of funds" as employed in 6–101.40, at least one other state, in the context of reviewing agency reductions of force, has recognized:

> The ... phrase "lack of funds" is not synonymous with the term "bankruptcy." ... As we [have previously] stated (citation omitted), "[a] 'lack of funds' exists when insufficient revenue is available to meet all financial demands unless modifications are made in the system."

*Pavia v. Com., Dept. of Transp.*, 77 Pa. Cmwlth. 480, 466 A.2d 735, 738, fn. 5 (1982). In this particular, by their challenge to Appellee's fiscal decisions, Appellants in essence asked the trial court, and now in this appeal again ask this Court, to pass on the efficacy of Appellee's decisions on how the school district's monies should be best spent. However, the courts may not substitute their judgment for that of agency officials charged with that responsibility. *Pavia*, 466 A.2d at 737–738 ("Neither this Court nor the [Civil Service] Commission may substitute its judgment for that of department officials in matters relevant to economy and efficiency.") To the extent Appellants would have the trial court or this Court pass on the reasonableness of amounts Appellee set aside "in reserve," another state has likewise recognized that decision to be beyond the scope of judicial review in all but the most egregious case:

> ... Plaintiffs basic argument is that there cannot be a "lack of funds" so long as a reserve account is in existence. Essentially the argument means that there cannot be a lack of funds unless the school district is bankrupt. This contention is obviously without merit. (Footnote omitted.)
>
> ...
>
> There is a slight suggestion in the record that plaintiff was also attempting to proceed on the theory that if the school board allocated an "unreasonable" amount to the reserves, such action was subject to judicial review. The determination of the

4. Oklahoma Attorney General Opinion 96–40.

amount needed for reserves is committed to the discretion of the board. (Citation omitted.) In our view that determination could not be set aside by a court unless it was "fraudulent or so palpably unreasonable and arbitrary as to indicate an abuse of discretion as a matter of law." (Citations omitted.)

*California School Emp. Ass'n v. Pasadena Unified School Dist.,* 71 Cal.App.3d 318, 322, 323, 139 Cal.Rptr. 633, 634, 635 (Cal.App. 2 Dist.1977). *See also, Taborn v. Hammonds,* 324 N.C. 546, 380 S.E.2d 513, 520–521 (1989) ("a career teacher is entitled to relief in such cases only upon showing that the board's action was personal, political, discriminatory, without a rational basis or simply a subterfuge to avoid the protections extended the teacher by law due to his or her status as a career teacher.")

¶ 14 In the present case, Appellants attempted to show that Appellee's decisions in allocating available resources away from support staff and toward maintaining general reserves, workers' compensation reserves, protection against bond project overruns and for completion of on-going bond projects, and improvements to capital assets, as well as Supervisor's decision not to use mid-term adjustments to bring the current budget into balance, lacked a reasonable or principled basis. On the other hand, the same evidence, it seems to us, shows that Appellee has engaged in nothing more than a bona fide attempt to cut administrative costs and reallocate available district monies, in the opinion of the Superintendent and Board, toward perceived genuine priority needs of the district. Absent some positive evidence of artifice or subterfuge to deprive Appellants of their positions, and considering the broad discretion granted Appellee and the other school boards of this state in the allocation of available resources, we cannot say Appellee's fiscal decision of a "lack of funds" is so "palpably unreasonable" as to warrant judicial intervention. Stated otherwise, we find Appellee's non-reemployment decisions, based on Appellee's determination of a "lack of funds" due to reallocation of available funds toward other perceived needs of the district, neither clearly erroneous on the facts nor arbitrary and capricious.

¶ 15 The order of the trial court affirming Appellee's decision for the non-reemployment of Appellants is therefore AFFIRMED.

JONES, V.C.J., and GARRETT, J., concur.